Jacob Chen, Esq.
Dai & Associates, P.C.
1500 Broadway, 2200
New York, NY 10036
(212) 730-8880
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------------x
XIN YUE on behalf of himself and as assignee of
YISHENG LI.

                              Civil Action No.:

                   Plaintiff,

           -against-

STEWART LOR,

                 Defendant.
------------------------------------------------------------------------x

Plaintiff Xin Yue ("Plaintiff", or "Mr. Yue"), on behalf of himself and as assignee of Yisheng Li ("Mr. Li") by and through its attorneys Dai & Associates, P.C., hereby files this complaint against Defendant Stewart Lor ("Mr. Lor") as follows:

## INTRODUCTION

1. The instant action arises from the failure by Mr. Lor to honor an agreement entered into by and between him, Mr. Li and Mr. Yue arising out of an investment by Mr. Li into a company that was owned by Mr. Yue and Mr. Lor.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(3), as the amount in controversy exceeds $75,000 and as this is a suit between two individuals, one residing in China and one residing in New Jersey.

[1]

3. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§1391(b) because the defendant is domiciled in and resides in New Jersey.

## PARTIES

4. Plaintiff is a Chinese national currently residing in China.

5. Defendant Stewart Lor ("Mr. Lor") is an American citizen who is domiciled at 32 Hamilton Drive North, North Caldwell, New Jersey, 07006, and is therefore a citizen of the State of New Jersey. New Jersey is the state where Mr. Lor last resided, it is where his family currently lives, it is where he has community roots, and Mr. Lor is registered to vote in the State of New Jersey. Mr. Lor also now currently resides in the State of New Jersey at this address.

## THE FACTS GIVING RISE TO THIS ACTION

6. Non-party Mr. Li was an investor in a company called Fanz Co., Ltd. ("Fanz"). Fanz was a Cayman Islands company registered to do business in and operated out of New York, but with a registered address in New Jersey.

7. Fanz was a start-up company jointly owned and operated by Mr. Yue and Mr. Lor.

8. Initially, Mr. Yue and Mr. Lor sought to expand the operations of Fanz, acquire funding, look for and obtain potential investors, and eventually turn the company public.

9. On April 23, 2016, Mr. Li signed a Securities Purchase Agreement (the "Agreement"), pursuant to which he would make an investment of $500,000 into Fanz.

10. On May 18, 2016, the Agreement was amended (the "Amendment") to expand the existing "Make Good" provision of the Agreement. The Amendment stated that if Fanz fails to secure Series A funding and discontinues its operations, Mr. Yue and Mr. Lor would agree to return in full the investment made by Mr. Li.

11. Pursuant to the Amendment, Mr. Yue and Mr. Lor would each be responsible for

half of the amounts due, i.e. $250,000 each.

12. The Amendment was personally executed by Mr. Li, Mr. Yue, and Mr. Lor.

13. Despite the best efforts of Mr. Yue and Mr. Lor, Fanz was not able to secure Series A funding. In November 2017, Mr. Lor advised Mr. Yue that he was exiting from Fanz and then left the company. Thereafter Fanz discontinued its operations.

14. Mr. Li then reached out to Mr. Lor and Mr. Yue seeking to enforce the Agreement and the Amendment and the return of his $500,000 investment pursuant to the Agreement and the Amendment.

15. Mr. Yue thereafter paid Mr. Li consideration equivalent to the full amount that was owed to Mr. Li under the Agreement and the Amendment in exchange for an assignment of interest by Mr. Li to Mr. Yue of any and all rights Mr. Li has or had against Mr. Lor.

16. Mr. Lor has not paid any amount that was required of him under the Agreement or the Amendment.

## FIRST CAUSE OF ACTION: BREACH OF CONTRACT

17. Plaintiff repeats and realleges each and every allegation as set forth in above.

18. Mr. Lor entered into the Agreement and the Amendment, pursuant to which he was required to pay Mr. Li the amount of $250,000 following Fanz's discontinuation of its operations.

19. Fanz discontinued its operations in November 2017.

20. Mr. Lor breached the Agreement and Amendment through his failure to pay $250,000 to Mr. Li.

21. Mr. Li has assigned his interest in this claim to Mr. Yue.

22. Wherefore, Plaintiff demands judgment in the amount of $250,000 with prejudgment interest accordingly.

## SECOND CAUSE OF ACTION: CONTRIBUTION

23. Plaintiff repeats and realleges each and every allegation as set forth in above.

24. The amounts owed to Mr. Li should have been divided equally by and between Mr. Lor and Mr. Yue.

25. Mr. Yue paid the full amount that we owed to Mr. Li.

26. Mr. Lor had agreed to take on half of those payments and was responsible for 50% of those payments.

27. Wherefore Mr. Yue is entitled to contribution for the portion owed to Mr. Li that should have been paid by Mr. Lor, under both the common law and also the Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1.

28. Wherefore, Plaintiff demands judgment in the amount of $250,000 with prejudgment interest accordingly, and attorneys' fees.

**WHEREFORE** Plaintiff demands judgment as follows:

(a) on the first cause of action in the amount of $250,000 against Mr. Lor, along with prejudgment interest and costs.

(b) on the second cause of action in the amount of $250,000 against Mr. Lor, along with prejudgment interest and costs.

(c) and for such other and further relief as the court deems just and proper, together with the costs and disbursements of this action.

Dated: April 24, 2020 			Respectfully submitted,
			DAI & ASSOCIATES, P.C.


			By:	  /s/ Jacob Chen
			Jacob Chen, Esq.
			Attorneys for Plaintiff
			1500 Broadway, 22nd Floor
			New York, New York 10036
			Ph: (212) 730-8880
			Fax: (212) 730-8869
			E-mail:jchen@daiassociates.com

			*Howard Gutman*
			_____
			Law Office of Howard Gutman
			230 Route 206, Suite 307
			Flanders, New Jersey 07836
			(Tel) (973) 598-1980
			(Fax) (973)531-4110

[5]