UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| XIN YUE on behalf of himself and as assignee of YISHENG LI, | : :  : | CIVIL NO. 2:20-CV-05099-JMV-MF |
| Plaintiff, | : | |
| V. | : : | **JOINT PROPOSED DISCOVERY** |
| STEWART LOR, | : : | **PLAN** |
| Defendant. | : | |

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

>   **Jacob Chen**
>   **Dai & Associates, P.C.**
>   **1500 Broadway, 2200**
>   **New York, NY 10036**
>   **Ph: 917-633-6860**
>   **Fax: 917 633 6183**
>
>   **Howard A. Gutman**
>   **230 Route 206**
>   **Suite 307**
>   **Flanders, NJ 07836**
>   **Direct 973.598.1980**
>   **Fax: (973) 531-4110**
>
>   *Attorneys for Plaintiff Xin Yue*
>
>   **Michael H. Bernstein**
>   **Robinson & Cole LLP**
>   **Chrysler East Building**
>   **666 Third Avenue, 20th floor**
>   **New York, NY  10017**
>   **Direct 212.451.2940**
>   **Fax 212.451.2999**

   Ivana D. Greco
   Robinson & Cole LLP
   280 Trumbull Street
   Hartford, CT 06103
   Direct 860.275.8333
   Fax 860.275.8299

*Attorneys for Defendant Stewart Lor*

2. Set forth a brief description of the case, including the causes of action and defenses asserted.

   **This matter involves a claim by Plaintiff Xin Yue ("Yue"), on behalf of himself and as a purported assignee of third-party Yisheng Li ("Li") against Defendant Stewart Lor ("Lor.")**

   **Mr. Yue, Mr. Li, and Mr. Lor are former business associates. Mr. Yue and Mr. Lor operated a start-up company, Fanz Co., Ltd. ("Fanz"). Mr. Li made an investment of $500,000 into Fanz. The Complaint alleges that the parties agreed that Mr. Yue and Mr. Lor would repay Mr. Li $250,000 each if Fanz failed to secure Series A funding and discontinued its operations. Fanz did not secure Series A funding, and discontinued operations in 2017.**

   **The Complaint alleges that Mr. Yue paid Mr. Li "consideration equivalent to the full amount that was owed to Mr. Li." In exchange, Mr. Yue alleges he received an assignment from Mr. Li to seek to recover $250,000 from Mr. Lor.**

   **Mr. Lor disputes the validity of this purported assignment, and disputes Mr. Yue is entitled to collect any money from Mr. Lor.**

   **The Complaint brings a cause of action for Breach of Contract and for Contribution under both New Jersey common law and the Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1.**

   **The Answer denies the validity of the assignment. The Answer asserts Affirmative Defenses on the basis that Plaintiff lacks standing, that the purported assignment is invalid, that Plaintiff has failed to state a cause of action upon which relief can be granted, that the Complaint must be dismissed based on the documentary evidence, that the Complaint fails to state a claim for contribution under the common law or the Joint Tortfeasors Contribution Act, that Mr. Lor did not breach the Securities Purchase Agreement, that Plaintiff's claims are barred by failure to mitigate damages, and that Plaintiff's claims are barred by the doctrines of waiver, estoppel and unclean hands.**

3. Have settlement discussions taken place? **No.**

4. The parties have met pursuant to Fed. R. Civ. P. 26(f).

5. The parties have exchanged the information required by Fed. R. Civ. P. 26(a)(1).

6. Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1). **Plaintiff has not provided addresses or phone numbers of Mr. Yue and Mr. Li.**

7. The parties have not conducted discovery other than the above disclosures.

8. Proposed joint discovery plan:

    a) Discovery is needed on the following subjects: **The parties anticipate that discovery may be needed on the following factual topics: (1) the "Amendment" to the Fanz Securities Purchase Agreement, as referenced in Paragraph 10 of the Complaint and (2) the alleged Assignment between Mr. Yue and Mr. Li, including, without limitation, the factual circumstances leading up to and surrounding that alleged Assignment, the purported execution of that alleged Assignment, proof of payment by Mr. Yue to Mr. Li of "consideration equivalent to the full amount that was owed to Mr. Li" and the value of such payment.**

    b) Discovery should <u>not</u> be conducted in phases.

    c) Proposed schedule:

        1. Fed. R. Civ. P. 26 Disclosures: <u>Completed</u>.

        2. E-Discovery conference pursuant to L. Civ. R. 26.1(d): <u>Held on Oct. 2, 2020.</u>

        3. Service of Initial Written Discovery: <u>Oct. 23, 2020.</u>

        4. Maximum of <u>10</u> interrogatories by each party to each other party.

        5. Maximum of <u>3</u> depositions to be taken by each party.

        6. Motion to amend or to add parties to by filed by: <u>Nov. 6, 2020</u>.

        7. Factual discovery to be completed by: <u>January 29, 2021</u>.

        8. Plaintiff's expert report due on: <u>February 26, 2021</u>.

        9. Defendant's expert report due on: <u>March 26, 2021</u>.

        10. Expert depositions to be completed by: <u>April 30, 2021</u>.

        11. Dispositive Motions to be served by <u>June 30, 2021</u>.

d) Set forth any special discovery mechanism or procedure requested. **None.**

e) A pre-trial conference may take place on: <u>30 days after the Court's decision on any summary judgment motion, or by July 30, 2021 if none</u>.

f) Trial date: <u>at least 60 days after the Court's decision on any summary judgment motion, or by August 31, 2021 if no summary judgment motions are filed.</u>

9. Do you anticipate any special discovery needs (i.e. videotape/telephone deposition problems with out-of-state witnesses or documents, etc.?) **Yes. Most of the potential witnesses are located either out of state or out of the country. Due to this, and to restrictions on travel due to the COVID-19 pandemic, we expect that any depositions may need to take place virtually. The parties will endeavor to work together in good faith to resolve these problems.**

10. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?
    Yes ____ No __X__

    If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

11. Do you anticipate entry of a Discovery Confidentiality Order? See L. Civ. R. 5.3(b) and Appendix S. **Yes.**

12. Do you anticipate any discovery problem(s) not listed above? Describe.

    Yes ____ No __X__

13. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

    <u>The parties will confer after discovery has been exchanged between the parties.</u>

- 5 -

14. Is this case appropriate for bifurcation? Yes ___ No _X_

15. An interim status/settlement conference (with clients in attendance), should be held within 30 days after the parties complete their exchange of written discovery.

/s/ Jacob Chen                     10/2/2020
Attorney(s) for Plaintiff(s) / Date


/s/ Michael Bernstein   10/2/2020
Attorney(s) for Defendant(s) / Date