

DGW KRAMER LLP
1 Rockefeller Center
Suite 1060
New York, New York 10020
www.dgwllp.com

Tel: 1-917-633-6860
Fax: 1-917-633-6183

November 9, 2020

<u>Via ECF</u>
Hon. Mark Falk
United States Chief Magistrate Judge
Martin Luther King Building & U.S. Courthouse
50 Walnut Street Room 4015
Newark, NJ 07101

    Re: Yue v. Lor, Civil Action No.: 2:20-CV-05099-JMV-MF

Your Honor:

  My name is Jacob Chen. My firm and I represent the plaintiff, Mr. Xin Yue Guo a.k.a. Xin Yue ("Mr. Yue") and Mr. Yisheng Li ("Mr. Li") in the above referenced case. Pursuant to a court conference that was held on Wednesday, October 28, 2020, we are submitting the attached letter-motion in support of Plaintiff's motion for leave to amend.

  Leave is requested for two reasons. The first is that Mr. Yue has had a name change and now his official name is Mr. Xin Yue Guo. Plaintiff seeks leave to amend to change the caption so that his current name will be reflected correctly.

  The second is for joinder of Mr. Li as an additional plaintiff. Mr. Lor opposes Plaintiff's motion with respect to the joinder of Mr. Li as an additional plaintiff.

  **Factual History**

  Mr. Li was an investor in a company that was jointly owned by Mr. Yue and the defendant, Mr. Stewart Lor ("Mr. Lor"). The investment was made pursuant to a Securities

Purchase Agreement (the "Purchase Agreement") which was then amended (the "Amendment") by signed writings executed by Mr. Li, Mr. Yue and Mr. Lor. The Agreement and Amendment state in relevant parts that Mr. Li would make a $500,000 investment in the company, but if the company fails to secure Series A funding and ceases operating, then Mr. Yue and Mr. Lor would return Mr. Li's investment with each of them being responsible for 50% of the $500,000.

Mr. Lor in his answer admits to the existence of the Agreement and Amendment, admits to his being a signatory, admits that the company failed to secure Series A funding, and admit that the company discontinued operations.

Subsequent to the company's discontinuance, Mr. Li reached out to Mr. Yue and Mr. Lor to seek enforcement of the Agreement and Amendment. Mr. Yue paid Mr. Li consideration which Mr. Li accepted in lieu of Mr. Yue's 50% responsibility for the return of Mr. Li's investment. Mr. Li also agreed to assign his claim against Mr. Lor for Mr. Lor's 50% to Mr. Yue. Mr. Lor's defense in this case is that the assignment by Mr. Li to Mr. Yue is void under Chinese law.

**Legal Argument**

Joinder of parties is governed by Rule 20 of the FRCP. Any person may be joined as plaintiff if he "assert[s] any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "question of law or fact common to all plaintiffs will arise in the action." Fed.R.Civ.P. 20(a). The requirements of Fed.R.Civ.P. 20(a) are to be interpreted liberally "to enable the court to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding." *Viada v Osaka Health Spa, Inc.*, 235 FRD 55, 61 [SDNY 2006].

In this case, Mr. Li seeks to assert a right to relief "in the alternative" with respect to the same set of transaction, thus satisfying the first branch of Rule 20.   See also Fed. R. Civ. P. 25

(Transfer of Interest. "If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party."). The proposed amended complaint (¶24) states that if the Court finds the aforementioned assignment void, then Mr. Li seeks a judgment against Mr. Lor in the alternative. As Mr. Li's claim arises under the same set of circumstances and same written agreements as Mr. Lor's, there are questions of law and fact common to all plaintiffs in this action.

In *Atl. City v. Am. Cas. Ins. Co.*, 254 F. Supp. 396, 399 (D.N.J. 1966), this Court denied a defendant's motion to dismiss, holding that it was "both permissible and proper" for the assignee and assignor to join their causes of actions "jointly, severally and in the alternative." In *Altoona Clay Products, Inc. v. Dun & Bradstreet, Inc.*, 37 F.R.D. 460, 462 (W.D. Pa. 1965), a case was brought by an assignor and the District Court ordered under Rule 21 for joinder of the assignee as a party plaintiff. Courts have approved having both parties present before the court saying in *U.S. for Use & Benefit of Gefen v. Conn*, 19 F.R.D. 274, 277 (E.D.S.C. 1956), "where there has been a complete assignment, the use plaintiff should be the assignee and that where there has been a partial assignment, the assignor and assignee should be the use plaintiffs under the provisions of Rule 17(a). Since it has been admitted that The Fidelity and Casualty Company of New York is a partial assignee, and therefore is a necessary party to this action."

In the instant case, joinder will also enable the court to promote judicial economy. Requiring Mr. Li to file a separate and independent action in this Court, arising out of the same set of agreements, would be judicially inefficient.

To the extent that Defendant argues that Mr. Li does not have a cause of action because his cause of action was assigned, Defendant cannot have it both ways.* Defendant in their opposition to Plaintiff's request for leave to file a motion for summary judgment has taken the position before this Court that the assignment was illegitimate and therefore it is Mr. Li who has

[3]

the cause of action and not Mr. Yue. By having *both* Mr. Li and Mr. Yue as plaintiffs, the Court can issue a judgment resolving this action without running the risk of inconsistent judgments or multiple judgments against the same party, in accordance with the purpose of Rule 20.

Additionally, defendant misperceives the Court's task at this stage. Where a claim appears based upon the liberal amendment standard, the Court does not engage to detailed fact-finding. *See Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008), (distinguishing standard for pleading from standard of proof). Indeed here, the claim is supported by defendant's own theory of the case.

There is also no conflict, full disclosure has been made to both parties and the filing is consistent with the terms of the prior resolution. A copy of the proposed Amended Complaint is respectfully attached as Exhibit A.

        Yours Truly,
        DGW Kramer LLP

        /s/ Jacob Chen
        By: Jacob Chen, Esq.

        *Howard Gutman*
        _____
        Howard Gutman