Jacob Chen, Esq.
One Rockefeller Plaza, 1060
New York, NY 10020
Ph: 917-633-6860
E-mail: jchen@dgwllp.com
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------x
XIN YUE GUO a.k.a. XIN YUE on behalf of himself and
as assignee of YISHENG LI and YISHENG LI.

                              **Plaintiffs,**

                  -against-

STEWART LOR,

                             **Defendant.**
-------------------------------------------------------------------x

Civil Action No.:
2:20-CV-05099-JMV-MF

**AMENDED COMPLAINT**

Plaintiffs Xin Yue Guo a.k.a. Xin Yue, as assignee of Yisheng Li, and Yisheng Li by and through their attorneys DGW Kramer LLP, hereby files this amended complaint as to and against Defendant Stewart Lor ("Mr. Lor"):

## INTRODUCTION

1. The instant action arises from the failure by Mr. Lor to honor an agreement entered into by and between him, Mr. Li and Mr. Yue arising out of an investment by Mr. Li into a company that was owned by Mr. Yue and Mr. Lor.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(3), as the amount in controversy exceeds $75,000 and as this is a suit between two individuals, one residing in China and one residing in New Jersey.

3.      Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§1391(b) because the defendant is domiciled in and resides in New Jersey.

## PARTIES

4.      Mr. Xin Yue Guo a.k.a. Xin Yue ("Mr. Yue") is a Chinese national currently residing in China.

5.      Mr. Yisheng Li ("Mr. Li") is a Chinese national currently residing in China.

6.      Defendant Stewart Lor ("Mr. Lor") is an American citizen who is domiciled at 32 Hamilton Drive North, North Caldwell, New Jersey, 07006, and is therefore a citizen of the State of New Jersey. New Jersey is the state where Mr. Lor last resided, it is where his family currently lives, it is where he has community roots, and Mr. Lor is registered to vote in the State of New Jersey. Mr. Lor also now currently resides in the State of New Jersey at this address.

## THE FACTS GIVING RISE TO THIS ACTION

7.      Mr. Li was an investor in a company called Fanz Co., Ltd. ("Fanz"). Fanz was a Cayman Islands company with a registered address in New Jersey.

8.      Fanz was a start-up company jointly owned and operated by Mr. Yue and Mr. Lor.

9.      Initially, Mr. Yue and Mr. Lor sought to expand the operations of Fanz, acquire funding, look for and obtain potential investors, and eventually turn the company public.

10.     On April 23, 2016, Mr. Li signed a Securities Purchase Agreement (the "Agreement"), pursuant to which he would make an investment of $500,000 into Fanz.

11.     On May 18, 2016, the Agreement was amended (the "Amendment") to expand the existing "Make Good" provision of the Agreement. The Amendment stated that if Fanz fails to secure Series A funding and discontinues its operations, Mr. Yue and Mr. Lor would agree to return in full the investment made by Mr. Li.

12.     Pursuant to the Amendment, Mr. Yue and Mr. Lor would each be responsible for half of the amounts due, i.e. $250,000 each.

13.     The Amendment was personally executed by Mr. Li, Mr. Yue, and Mr. Lor.

14.     Despite the best efforts of Mr. Yue and Mr. Lor, Fanz was not able to secure Series A funding. In November 2017, Mr. Lor advised Mr. Yue that he was exiting from Fanz and then left the company. Thereafter Fanz discontinued its operations.

15.     Mr. Li then reached out to Mr. Lor and Mr. Yue seeking to enforce the Agreement and the Amendment and the return of his $500,000 investment pursuant to the Agreement and the Amendment.

16.     Mr. Yue thereafter paid Mr. Li consideration equivalent to the full amount that was owed to Mr. Li under the Agreement and the Amendment in exchange for an assignment of interest by Mr. Li to Mr. Yue of any and all rights Mr. Li has or had against Mr. Lor.

17.     Mr. Lor has not paid any amount that was required of him under the Agreement or the Amendment.

## **FIRST CAUSE OF ACTION: BREACH OF CONTRACT**

18.     Plaintiffs repeats and realleges each and every allegation as set forth in above.

19.     Mr. Lor entered into the Agreement and the Amendment, pursuant to which he was required to pay Mr. Li the amount of $250,000 following Fanz's discontinuation of its operations.

20.     Fanz discontinued its operations in November 2017.

21.     Mr. Lor did not pay $250,000 to Mr. Li as required of him under the Agreement and the Amendment.

22.     Mr. Lor breached the Agreement and Amendment through his failure to pay $250,000 to Mr. Li.

23.     Mr. Li has assigned his interest in this claim to Mr. Yue.

24.     To the extent that the assignment of interest by Mr. Li to Mr. Yue is held invalid, then Mr. Li asserts a claim in the alternative against Mr. Lor.

25.     Wherefore, Plaintiffs demands judgment in the amount of $250,000 with prejudgment interest accordingly.


### SECOND CAUSE OF ACTION: EQUITABLE CONTRIBUTION

26.     Plaintiffs repeats and realleges each and every allegation as set forth in above.

27.     Mr. Yue and Mr. Lor were co-obligors who shared liability with respect to Mr. Li for $500,000.

28.     Mr. Yue and Mr. Lor each owed an equal proportionate share of said obligation.

29.     Mr. Yue paid to Mr. Li consideration in excess of his proportionate share of the obligation, which was accepted by Mr. Li and was valued at $500,000.

30.     The debt owed by Mr. Yue and Mr. Lor was equally and concurrently owed by both Mr. Yue and Mr. Lor and thus should have been shared by them pro rata.

31.     Wherefore, Plaintiff Mr. Yue demands judgment in the amount of $250,000 with prejudgment interest accordingly.


**WHEREFORE** Plaintiffs demands judgment as follows:

(a)     on the first cause of action in the amount of $250,000 against Mr. Lor, in favor of Mr. Yue or in the alternative, Mr. Li, along with prejudgment interest and costs;

(b)     on the second cause of action in the amount of $250,000 against Mr. Lor, in favor of Mr. Yue along with prejudgment interest and costs;

(c)      and for such other and further relief as the court deems just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
            November 7, 2020

Respectfully submitted,
DGW Kramer LLP


By:      /s/ Jacob Chen
Jacob Chen, Esq.
Attorneys for Plaintiffs
One Rockefeller Plaza, 1060
New York, NY 10020
Ph: 917-633-6860
E-mail: jchen@dgwllp.com