# Robinson+Cole

MICHAEL H. BERNSTEIN

Chrysler East Building
666 Third Avenue, 20th floor
New York, NY 10017
Main (212) 451-2900
Fax (212) 451-2999
mbernstein@rc.com
Direct (212) 451-2940

Also admitted in Connecticut
Pennsylvania and New Jersey

**VIA ECF**

November 20, 2020

Hon. Mark Falk
U.S. District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street Room 4015
Newark, NJ 07101

Re:   **Yue v. Lor, No. 2:20-cv-05099-JMV-MF**

Dear Judge Falk:

I represent the Defendant, Stewart Lor, in this matter. On October 28, 2020, your Honor held a status conference, during which you ordered the parties to submit letters on the issue of whether Plaintiff Xin Yue Guo (aka Mr. Xin Yue) would be permitted to add Mr. Yisheng Li as a plaintiff in this matter.[1] Your Honor held another status conference on Tuesday, November 17, 2020.

**I.   Background**

This case concerns three former business partners: Mr. Lor, Mr. Li, and Mr. Yue. The

---

[1] Defendant does not object to Mr. Yue's request to amend the complaint regarding his name change. *See* Dkt. 21, p. 1 (noting "Mr. Yue has had a name change").

Boston | Hartford | New York | Providence | Miami | Stamford | Los Angeles | Wilmington | Philadelphia | Albany | New London | rc.com

Robinson & Cole LLP

**Robinson+Cole**

November 20, 2020
Page 2

operative complaint alleges that in 2016, the three men signed a Securities Purchase Agreement (the "Agreement"), pursuant to which Mr. Li agreed to invest $500,000 into a start-up venture called Fanz Co., Ltd. (the "Company"). [Dkt. 1, ¶ 9].  The complaint further alleges that Mr. Lor and Mr. Yue agreed to repay $250,000 each to Mr. Li in the event the Company failed.  This was memorialized in a so-called amendment to the Agreement (the "Amendment"). [*Id.*, ¶¶ 10-11]. Per the complaint, the Company did fail. [*Id.*, ¶ 13].  Mr. Yue alleges he "paid Mr. Li consideration equivalent to the full amount that was owed to Mr. Li . . . in exchange for an assignment of interest by Mr. Li to Mr. Yue of any and all rights Mr. Li has or has had against Mr. Lor."  [*Id.*, ¶ 15].  Mr. Yue then sued Mr. Lor, alleging he was entitled to be repaid $250,000 pursuant to the assignment.

After being sued, Mr. Lor indicated he intended to contest the Complaint brought by Mr. Yue on the grounds the assignment was invalid.  Mr. Yue's counsel then indicated that they sought to add Mr. Li as a plaintiff to the Complaint.  [Dkt. 21]. Mr. Li and Mr. Yue's claims are in direct opposition to each other.  Either Mr. Yue has paid Mr. Li consideration in exchange for "an assignment of interest by Mr. Li to Mr. Yue of any and all rights Mr. Li has or has had against Mr. Lor" or he has not.  According to the proposed Amended Complaint, Mr. Li has been paid in full.  *See, e.g.*, Dkt. 21-1, at p. 4 ("Mr. Yue paid to Mr. Li consideration in excess of his proportionate share of the obligation, which was accepted by Mr. Li and was valued at

**Robinson+Cole**

November 20, 2020
Page 3

$500,000."). Plaintiff's counsel nevertheless intend to represent both Mr. Li **and** Mr. Yue in a case where they both claim to be entitled to be repaid **the same** $250,000 from Mr. Lor.

## II.     Legal Argument

Plaintiff's counsel seeks to add Mr. Li pursuant to Federal Rule of Civil Procedure 20. [Dkt. 21, p.2]. Under FRCP 20:

> (a) Persons Who May Join or Be Joined.
>     (1) *Plaintiffs*. Persons may join in one action as plaintiffs if:
>         (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>         (B) any question of law or fact common to all plaintiffs will arise in the action.

The proposed joinder fails both prongs of the test.

First, Mr. Li and Mr. Yue **do not** assert relief "arising out of the same transaction, occurrence, or series of transactions and occurrences." Mr. Li asserts that he is entitled to relief under the 2016 Agreement, which was signed by Mr. Li, Mr. Yue and Mr. Lor. By contrast, Mr. Yue asserts relief according to a purported assignment signed separately between him and Mr. Li. Upon information and belief, this assignment was signed years after the 2016 Agreement. These two claims have nothing in common. In the case Mr. Li seeks to bring against Mr. Lor, the question presented will concern the 2016 Agreement, and the circumstances which caused the Company to fail. By contrast, in the case Mr. Yue seeks to bring against Mr. Lor, the question presented will

**Robinson+Cole**

November 20, 2020
Page 4

concern a totally separate assignment, and whether that assignment is valid. Put another way, the claims at issue here concern two separate purported contracts, signed years apart, and the parties to the two contracts are not the same.

Second, Mr. Yue and Mr. Li's claims do not involve "question of law or fact common to all plaintiffs." Discovery relating to the two cases will involve separate questions, since Mr. Yue's claim will involve discovery into the purported assignment, and Mr. Li's claim will require discovery into the Agreement and the Company. And, of course, the proposed Plaintiffs presumably have completely opposite interests in litigating this matter, because Mr. Lor will assert he is entitled to $250,000 under the 2016 Agreement, and Mr. Yue will assert he is entitled to the same $250,000 under a completely separate assignment. Courts have not hesitated to refuse to join plaintiffs in similar circumstances. *E.g.*, *Horton Co. v. Int'l Tel. & Tel. Corp.*, 85 F.R.D. 369, 371 (W.D. Pa. 1980) (finding joinder inappropriate where even though there were common facts as "the questions to be determined in an action against the manufacturer are quite different from those in an action against the surety. In the case of the manufacturer, the fact-finder must determine whether the parts contract was substantially performed; in the case of the surety, all that must be determined is whether the plaintiff has defaulted in payment.").

The three cases cited by Plaintiff in support of joinder of assigned claims (*see* Dkt.21, p. 3) — *Atl. City v. Am. Cas. Ins. Co.*, 254 F. Supp. 396, 399 (D.N.J. 1966), *Altoona Clay Prod., Inc.*

**Robinson+Cole**

November 20, 2020
Page 5

*v. Dun & Bradstreet, Inc.*, 37 F.R.D. 460, 462 (W.D. Pa. 1965), and *U.S. for Use & Benefit of Gefen v. Conn*, 19 F.R.D. 274, 277 (E.D.S.C. 1956) —are distinguishable.  Two of the cases—*Atlantic City* and *U.S. for Use & Benefit of Gefen v. Conn* involve partial assignments, which is not the case here.[2]  Plaintiffs here instead allege a "complete" assignment from Mr. Li to Mr. Yue.  One of the cases cited by Plaintiff actually supports the argument that joinder is not proper when there is a complete assignment, stating: "where there has been a complete assignment, the . . . plaintiff **should be the assignee** and that where there has been a partial assignment, the assignor and assignee should be the . . . plaintiffs."  *U.S. for Use & Benefit of Gefen*, 19 F.R.D. at 277 (emphasis added).

     Mr. Li and Mr. Yue seem to believe that Mr. Lor owes the two of them together $250,000.  However, Mr. Lor has not signed any document obligating him to pay Mr. Li and Mr. Yue collectively $250,000.  Joinder in this case is not appropriate because Mr. Li seeks to recover under a Securities Purchase Agreement, and Mr. Yue seeks to recover under a completely separate purported assignment signed years later.  In the event this Court does allow this case to proceed with both Mr. Li and Mr. Yue as Plaintiffs, Mr. Lor respectfully requests to be permitted to seek discovery against both Mr. Li and Mr. Yue in order to understand fully (among other things)

---

[2] The third case involves a defendant who sought to dismiss for failure to join an indispensable party where the assign**ee** had not been joined.  *Altoona Clay Prod., Inc. v. Dun & Bradstreet, Inc.*, 37 F.R.D. 460, 462 (W.D. Pa. 1965).  Here, of course, Plaintiff seeks to add the assig**nor** as a party.

Robinson+Cole

November 20, 2020
Page 6

whether Mr. Li has already been paid "consideration . . . valued at $500,000" as alleged in the Complaint, and if so, whether Mr. Yue is entitled to seek the value of any of that compensation from Mr. Lor.

Very truly yours,

Michael H. Bernstein

Cc: All counsel of record, via ECF.