**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **XIN YUE on behalf of himself and as assignee of YISHENG LI,**<br><br>                                    **Plaintiff,**<br>**v.**<br><br><br>**STEWART LOR,**<br><br>                                    **Defendant.** | **Civil Action No. 20-5099 (JMV)**<br><br><br><br>**OPINION** |

**FALK, U.S.M.J.**

This is a breach of contract case.  Before the Court is Plaintiff's motion for leave to amend his Complaint.  Plaintiff seeks leave to alter the caption of the case to reflect his recently changed name and to add as a plaintiff a party to the contracts which are the subject of this litigation.  (CM/ECF No. 21.)  Defendant opposes the motion.  The motion is decided on the papers.  Fed.R.Civ.P. 78(b).  For the reasons set forth below, the motion is **granted**.

## BACKGROUND

Plaintiff, Xin Yue ("Yue"), and Defendant, Stewart Lor ("Lor"), were joint owners and operators of a start-up company named Fanz Co., Ltd. ("Fanz").  (Compl. ¶

7.)  On April 23, 2016, Yue, Lor, and Yisheng Li ("Li") entered into a Securities

Purchase Agreement ("Agreement") pursuant to which Li invested $500,000 in Fanz.

(Compl. ¶ 9.)  A month later, the same three individuals executed an amendment

("Amendment") to the Agreement which provided that Yue and Lor would return Li's

investment in the event Fanz failed to secure funding and discontinued operations.

(Compl. ¶ 10.)  Pursuant to the Amendment, Yue and Lor would each be responsible

for returning half of Li's $500,000 investment, or $250,000 each, if Fanz ceased

operations.  (Compl. ¶ 11.)

In November 2017, Fanz failed to secure funding and stopped operating.  Upon

cessation of Fanz, Li reached out to Yue and Lor seeking the return of his investment as

per the Agreement and Amendment.  Yue allegedly paid Li "consideration equivalent

to the full amount that was owed" to him, in exchange for an assignment of any claim

("Assignment") Li may have against Lor under the Agreement and Amendment.

According to Yue, Lor has failed to pay the $250,000 he owes.

On April 24, 2020, Yue filed a two-count Complaint asserting claims for breach

of contract and contribution.[1]  (CM/RCF No. 1.)  Relying on his Assignment from Li,

Yue alleges that Lor breached the Amendment and Agreement when he failed to pay

the contractual sum of $250,000, and seeks contribution from Lor.  On August 12,

2020, Lor filed an Answer asserting, among other things, the affirmative defense that

---

[1] Yue seeks contribution under the common law and Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1.

the assignment was invalid.  (CM/ECF No. 11.)  The Court conducted a pretrial conference and entered a scheduling order closing discovery on January 29, 2021.  Discovery was extended several times and is currently set to close on June 30, 2021.

Shortly after the opening of discovery, Plaintiff moved for leave to amend his Complaint.  Plaintiff seeks to change the caption of the case to reflect his newly changed name (Xin Yue Guo), and to add Li as a plaintiff pursuant to Federal Rule of Civil Procedure 20 governing joinder.  Plaintiff argues that Li's assertion to a "right to relief . . . in the alternative" and the questions of law and fact common to Plaintiff and Li satisfy the provisions of Rule 20.  Referring to the allegations in the proposed Amended Complaint, Plaintiff explains that only if the Court finds the assignment void does Li seeks a judgment against Lor in the alternative.  Plaintiff further contends that Li's claim arises out of the same set of written agreements as Lor's.

Lor opposes only the addition of Li as a party to the case.  Contending that Li and Yue seek relief under two different agreements, Li under the Amendment and Yue under the Assignment, Lor argues that their claims do not arise out of the same transaction or occurrence so as to satisfy the joinder rule.  Lor similarly argues that Yue and Li's claims do not involve common questions of law or fact maintaining that Li's claim will require discovery into the Agreement and Fanz while Yue's will necessitate discovery into the Assignment.

## LEGAL STANDARD

Motions to amend pleadings are governed by Federal Rule of Civil Procedure

15(a). Once a responsive pleading has been filed, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend is generally granted unless there is: (1) undue delay or prejudice; (2) bad faith; (3) dilatory motive; (4) failure to cure deficiencies through previous amendment; or (5) futility. The ultimate decision to grant or deny leave to amend is a matter committed to the Court's sound discretion. *See, e.g.*, *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1970).

Where a plaintiff seeks leave to amend a complaint to add new parties to the action, the Court must also consider the proposed amendment under Federal Rule of Civil Procedure 20(a). Rule 20(a)(1) governing joinder of plaintiffs sets forth a two part test:

> Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1).

Motions to join parties under Rule 20 fall squarely within the discretion of the court, which must determine whether the proposed joinder comports with the "principles of fundamental fairness," *N.J. Mach. Inc. v. Alford Indus., Inc.*, 1991 WL 340196, *1 (D.N.J.1991). The purpose of Rule 20 is to "promote trial convenience and expedite the final determination of a case, thereby preventing multiple lawsuits." *Bell v. Lockheed Martin Corp.*, 2010 WL 3724271, at *12 (D.N.J. Sept. 15, 2010) (citing

*Hagan v. Rogers*, 570 F.3d 146, 157 (3d Cir.2009)).   Courts interpret Rule 20 liberally

to "achieve the rule's goals of promot[ing] judicial economy and efficiency," *Snodgrass*

*v. Ford Motor Co.,* 2002 WL 485688, at *2 (D.N.J.2002); *see also Miller v. Hygrade*

*Food Prod. Corp.,* 202 F.R.D. 142, 144 (E.D.Pa.2001)   "[T]he impulse is toward

entertaining the broadest possible scope of action consistent with fairness to the parties;

joinder of claims, parties and remedies is strongly encouraged." *Hagan*, 570 F.3d 1at

153 (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130,

16 L.Ed.2d 218 (1966)).   Regardless of whether a motion to amend is considered under

Rule 15 or Rule 20, "the standard for adding a party is the same ... the decision lies

within the discretion of the court." Liberty Mut. Ins. Co. v. Hurricane Logistics Co.,

216 F.R.D. 14, 16 n. 5 (D.D.C.2003).

## **DISCUSSION**

The Court finds Plaintiffs have satisfied both requirements of Rule 20(a)(1).

Turning to the first prong of the Rule, the Court finds that the Yue and Li ("Plaintiffs")

meet the requirements of Rule 20(a) because the claims they seek to assert in the

Amended Complaint arise out of the same transaction or occurrence, namely Li's

financial investment in Fanz pursuant to the Agreement and its return under the

provisions of the Amendment.   More specifically, Plaintiffs' claims arise from the

Amendment which, having been executed by Yue, Li, and Lor, provides for the return

of Li's $500,000 investment in Fanz upon cessation of its operations.   The Court

recognizes that Plaintiffs allege that Li assigned his right to the return of half of his investment from Lor to Yue.  But Li seeks to assert his claim against Lor "in the alternative", something that is plainly permitted by Rule 20.

The Court finds that the second requirement under Rule 20(a)(1) that there be a common question of law or fact is also satisfied.  This prong "'does not require precise congruence of all factual and legal issues; indeed, joinder may be permissible if there is but one question of law or fact common to the parties.'" *Morris v. Paul Revere Ins. Grp.*, 986 F.Supp. 872, 885 (D.N.J.1997) (citations omitted).  Here, there is at least one question of law common to the parties—whether Lor owes $250,000 and to whom. Whether Lor owes the return of the $250,000 investment to Yue, Li, or not at all should be sorted out in one action.  The most efficient way to determine Lor's arguable liability is to litigate the claims in one case.

In defending against Yue's claims, Lor asserts that Li's assignment to Yue is invalid.  Whether the assignment is valid is fundamental to making a liability determination, at least as it relates to Yue.  Lor argues that because Li's claim arises under the Amendment and Yue's under the purported Assignment, Plaintiffs' claims should be litigated in two separate actions.  The Court finds that argument completely unpersuasive.  Much time and many resources would be wasted maintaining two separate cases involving largely the same underlying facts.  To have these claims decided independently in two different litigations is not only a waste of party and Court resources, it creates the possibility of inconsistent rulings.

The purpose of Rule 20 is to avoid multiple lawsuits, and reduce inconvenience, delay, and added expense to the parties and to the Court. *See* 7 Charles Alan Wright et al., Federal Practice and Procedure § 1653 at 410-12 (3d ed. 2001). Courts interpret the Rule liberally to promote judicial economy and efficiency. Joinder of Li is precisely the type of situation contemplated by Rule 20. The issues presented by Plaintiffs are similar and there will be an overlap of evidence supporting the claims. The parties will not be prejudiced by permitting Li to join this case as a plaintiff. Quite to the contrary, compelling Li to commence a separate lawsuit on issues that are already raised in this case is arguably a waste of time, money, and judicial resources. Discovery is still open. Any discovery needed relating to the validity of Li's Assignment to Yue can be accomplished either by the discovery end date or with a brief extension. The Court in its discretion finds that joinder of Li is consistent with fundamental fairness and is appropriate here.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for leave to amend his Complaint is **granted.**

s/Mark Falk
**MARK FALK**
**United States Magistrate Judge**

**Dated: April 29, 2021**