

**DAVID M. ESKEW**
(646) 970-7342 (direct dial)
deskew@aellaw.com
aellaw.com

**256 Fifth Avenue, 5th Floor**
**New York, New York 10001**

August 8, 2022

**By ECF**
Hon. John Michael Vazquez
U.S. District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Room 4015
Newark, NJ 07101

      Re:  *Xin Yue Guo, et al. v. Stewart Lor*, 2:20-CV-05099-JMV-JRA

Dear Judge Vazquez:

      We represent defendant Stewart Lor ("Mr. Lor") in the above-referenced action.  We write pursuant to your Honor's Individual Practices and Local Civil Rule 56.1 to seek leave to file a motion for partial summary judgment on plaintiff Yisheng Li's ("Mr. Li") sole remaining claim in this action, a breach of contract claim against Mr. Lor. (Statement[1] at ¶¶ 13, 17). As explained below, based upon the undisputed material facts, including Mr. Li's admissions in the Amended Complaint and in his deposition testimony, Mr. Li has not suffered any damages as a result of the alleged breach and lacks standing to assert his breach of contract claim against Mr. Lor.  *See White v. Smiths Detection Inc.*, 2011 WL 1466160 (D.N.J. 2011) (dismissing claim where the plaintiff "did not experience any damages," stating that "'actual injury' is required to maintain a breach of contract"); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (standing requires an "irreducible constitutional minimum of . . . 'injury in fact'").

**Background and Procedural History**

      On April 24, 2020, Mr. Xin Yue Guo ("Mr. Guo") filed this action on behalf of himself and as an assignee of Mr. Li.  *See* Statement at ¶ 11.  On May 27, 2021, Mr. Li was added to this action as a plaintiff, and Mr. Guo and Mr. Li filed their amended complaint (the "AC"). *Id*. at ¶12. The AC was identical to the initial complaint except that it asserted a breach of contract claim on behalf of Mr. Li in the event that his alleged assignment of his claims to Mr. Guo was invalid. *Id.* at ¶ 13.

      Mr. Guo and Mr. Lor were joint owners of a startup company known as Fanz Co., Ltd. ("Fanz"). *Id.* at ¶ 1.  In April 2016, Mr. Lor and Mr. Guo signed a securities purchase agreement

---

[1] All references to "Statement _" are citations to Defendant's Statement of Material Facts Not In Dispute filed herewith.

with Mr. Li (the "Li Agreement"), pursuant to which Mr. Li invested $500,000 in Fanz. *Id*. at ¶ 6. In May 2016, the Li Agreement was amended (the "Li Amendment") to provide that if Fanz failed to secure further funding and discontinued its operations, Mr. Guo and Mr. Lor would each be required return one half of Mr. Li's investment, *i.e.*, $250,000 each. *Id*. at ¶ 7. Fanz later discontinued its operations. *Id*. at ¶¶ 8-10. Mr. Guo thereafter paid Mr. Li consideration equivalent to the full amount that Mr. Li was owed. *Id*. at ¶¶ 14-27. In the AC, Mr. Guo and Mr. Li each claimed an entitlement to recover $250,000 from Mr. Lor, an amount that allegedly represents Mr. Lor's share of the $500,000 that was required to be repaid to Mr. Li under the terms of the Li Amendment and that Mr. Guo had paid Mr. Li in full. *Id*. at ¶ 11 (discussing Mr. Guo's breach of contract and equitable contribution claims against Mr. Lor); *see also id.* at ¶ 13 (discussing Mr. Li's breach of contract claim against Mr. Lor); *id.* at ¶ 14 ("Mr. [Guo] thereafter paid Mr. Li consideration equivalent to the full amount that as owed to Mr. Li").

Significantly, the AC admits that Mr. Li assigned his rights against Mr. Lor under the Li Agreement and Li Amendment to Mr. Guo in exchange for receiving consideration equivalent to the "full amount" owed to Mr. Li under these agreements:

> Mr. [Guo]thereafter paid Mr. Li consideration equivalent to the full
> amount that was owed to Mr. Li under the Agreement and the
> Amendment in exchange for an assignment of interest by Mr. Li to
> Mr. Guo of any and all rights Mr. Li has or had against Mr. Lor.

*Id*. at ¶ 14 (emphasis added).

On August 1, 2021, Mr. Lor filed an Answer and Counterclaims. *See id.* at ¶ 15. Mr. Lor's Answer asserted a number of affirmative defenses to Plaintiffs' claims that included lack of standing. *See id*. On September 21, 2021, Mr. Guo and Mr. Li filed an Answer to Mr. Lor's Counterclaims, which admitted that "Mr. Li and Mr. [Guo] signed an assignment agreement," and that this assignment "involves the assignment of Mr. Li's interest to Mr. Guo and one of the considerations provided to Mr. Li was shares of the Cayman Islands company" mentioned in Mr. Lor's Counterclaims. *Id*. at ¶ 16. Mr. Guo voluntarily dismissed all of his claims with prejudice in October of 2021. *See id.* at ¶ 17. Accordingly, the only claim remaining against Mr. Lor is Mr. Li's breach of contract claim. *See id.* at ¶¶ 13, 17. However, as Mr. Li himself admitted in the AC (and as further confirmed during discovery), he was fully repaid for his $500,000 investment. *Id.* at ¶¶ 14-27.

## The Evidence Confirms That Mr. Li Was Fully Paid, And Thus Lacks Standing and Has No Damages

During discovery in this action, Mr. Li and Mr. Guo produced a November 27, 2019 assignment agreement ("Assignment") in which Mr. Li assigned his rights to recover from Mr. Lor to Mr. Guo. As provided in the Assignment, in exchange for Mr. Li's assignment of his rights to Mr. Guo, Mr. Guo agreed (i) to transfer to Mr. Li one million shares in Sea & Sand Entertainment Limited ("Sea & Sand"), a Cayman Islands corporation, and (ii) that if Sea & Sand did not have an initial public offering ("IPO") within three years (by November 27, 2022), Mr. Li would have the right to recover $500,000, plus interest at a rate of 6.6%, from Mr. Guo. *See id.* at

¶ 18. Further, Cayman Islands corporate records that were produced in discovery reflect that Mr. Li is one of sixteen record holders of Sea & Sand shares and is the record holder of one million Sea & Sand shares. *See id.* at ¶¶ 20-21.[2]

Mr. Guo's and Mr. Li's depositions further confirmed that Mr. Li lacks standing and has no damages.  Mr. Li admitted at his deposition that he had read the AC in translation, and that everything in the AC was true and correct, including Mr. Li's admission that he received consideration equivalent to the "full amount" owed to him. *See id.* at ¶ 25. Mr. Li also admitted that he received one million shares of Sea & Sand and had the right to collect $500,000 from Mr. Guo if Sea & Sand did not have an IPO:

> Mr. Kushner: Do you agree that you, in fact, received one million shares of Sea and Sand, Limited, from Mr. [Guo], correct?
>
> Mr. Li: *I can only say that that transaction did happen. There was that process. . .*
>
> . . .
>
> Mr. Kushner: Paragraph 4 [of the Assignment] states if Sea and Sand Entertainment fails to achieve an IPO within three years, you have the right to request Mr. [Guo] to pay you $500,000 plus interest at a rate of 6.6 percent per year; isn't that correct?
>
> Mr. Li: *According to what is indicated in the contract, that's the case.*

*Id.* at ¶ 26 (emphasis added). At his deposition, Mr. Guo also confirmed that he had transferred one million shares of Sea & Sand to Mr. Li:

> Mr. Kushner: You transferred one million shares of Sea and Sand Entertainment to Mr. Li, correct?
>
> Mr. Guo: *Correct. It was indicated clearly in the document.*

*Id.* at ¶ 27 (emphasis added).

In sum, there is no genuine dispute that Mr. Li has been fully paid.  Accordingly, Mr. Lor respectfully requests leave to file a motion for partial summary judgment on Mr. Li's breach of contract cause of action.[3]

---

[2] Mr. Guo further admitted in an interrogatory response that Mr. Li received and still owns one million shares of Sea and Sand, and the Li Amendment gave him the right to collect $500,000 plus interest from Mr. Guo if Sea & Sand did not IPO.  *See id.* at ¶¶ 23-24.
[3] Mr. Lor is not seeking leave to move for summary judgment with respect to his Counterclaims.

Respectfully submitted,

ABELL ESKEW LANDAU LLP

By: DAVID M. ESKEW
*Local Counsel for Defendant*

Amiad Kushner, Esq.
Andrew Sklar, Esq.
Seiden Law Group LLP
322 Eighth Avenue, Suite 1704
New York, New York 10001
(646) 766-1763
akushner@seidenlawgroup.com
*Counsel for Defendant*
*Admitted Pro Hac Vice*

Cc:    **Via ECF**
       Jacob Chen, Esq.
       DGW Kramer LLP
       *Counsel for Plaintiff*