

DGW KRAMER LLP
1 Rockefeller Center
Suite 1060
New York, New York 10020
www.dgwllp.com

Tel: 1-917-633-6860
Fax: 1-917-633-6183

August 19, 2022

<u>Via ECF</u>
Hon. Michael Vazquez
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

    Re: Li v. Lor, Civil Action No.: 2:20-CV-05088-JMV-JRA
       Pre Summary Judgment Motion Letter

Your Honor:

 My name is Jacob Chen. We represent the plaintiff, Mr. Yisheng Li ("Mr. Li" or "Plaintiff"), and counter-claim Defendant Mr. Xin Yue Guo a.k.a. Xin Yue ("Mr. Guo") and in the above referenced case. Both Mr. Li and Mr. Guo now seek to move for summary judgment for judgment in favor of Mr. Li for his claims against Mr. Stewart Lor ("Mr. Lor" or "Defendant"), and for dismissal of Mr. Lor's claim against Mr. Guo.

**Preliminary Statement**

 Plaintiff was an investor in a company jointly owned between Defendant and Mr. Guo. Plaintiff's investment was conditioned on a written agreement that said if the company failed to secure funding, his investment would be reimbursed, half by Defendant. Defendant has admitted to being a party to the investment agreement, has admitted that the company failed to secure funding, and has admitted to never having paid Plaintiff.

 Thus Plaintiff is entitled to a judgment for the amounts owed.

 Defendant's sole and only excuses for his failure to pay was that at an earlier stage in the procedural history, Plaintiff attempted to assign his claim to Mr. Guo. Defendant *repeatedly challenged that assignment as being invalid under Chinese law*, and took that position before the Court in multiple court filings. The assignment was subsequently cancelled in response to Defendant's legal position.

 Defendant also has filed one claim against Mr. Guo. Defendant's claim against Mr. Guo arises out of a loan by a non-party that was made to the company. The loan was negotiated by and between Defendant and non-party, where Defendant secured the loan through putting up his

own personal house as collateral. There was no written documents, and not a single text, email, or other written piece of evidence showing that Mr. Guo guaranteed said loan.

For these reasons, Plaintiff's is entitled to summary judgment against Defendant and Mr. Guo is entitled to a dismissal of Defendant's claim against him.

### Plaintiff's Legal Claims

Plaintiff was an investor in Fanz Co. Ltd. ("Fanz"), a company that was jointly owned by Mr. Guo and the defendant, Mr. Stewart Lor ("Mr. Lor"). The investment was made pursuant to a Securities Purchase Agreement (the "Purchase Agreement") which was then amended (the "Amendment"). The Agreement and Amendment state in relevant parts that Mr. Li would make a $500,000 investment in the Fanz, but if Fanz fails to secure Series A funding and ceases operating, then Mr. Guo and Mr. Lor would return Mr. Li's investment with each of them being responsible for 50% of the $500,000.

Mr. Lor in his deposition clearly and unambiguously admits to being a party to the Amendment, admits that according to the Amendment, he was obligated to pay Mr. Li $250,000 if Fanz failed to secure Series A funding and discontinued operations, admits that the Fanz failed to secure Series A funding, and admits that the Fanz discontinued operations, and lastly, admits that no payment was ever made by Mr. Lor to Mr. Li.

Based on the foregoing documents and deposition testimony, Plaintiff believes he is certain to prevail on a motion for summary judgment which would entitle him to a judgment for the full amount of $250,000 with prejudgment interest.

### Defendant's Legal Argument

Defendant's sole legal defense is that Mr. Li is not entitled to collect against Mr. Lor because he had assigned his claims against Mr. Lor to Mr. Guo.

Plaintiff respectfully refers the Court to Defendant's Answer. In the Answer, Defendant asserts that the "consideration that the Plaintiffs purportedly rely upon for the Li Assignment is worthless and does not constitute valid consideration." Defendant furthermore assert in his answer "Plaintiffs never gave Mr. Lor notice of the Li Assignment. The Li Assignment is therefore void under Chinese law." Defendant then goes further and in its first counter-claim seeks declaratory judgment that the "Assignment is void under American and Chinese law for lack of consideration, and/or due to Mr. Li and Mr. Guo not giving Mr. Lor notice as required under Chinese law, and/or due to fraud."

In reliance upon the arguments set forth by Defendant, the parties agreed to voluntarily discontinue the claims as arising out of the assignment, with prejudice.

Therefore, Defendant is now estopped from now taking the contrary position that the assignment *is* legitimate. *See e.g. Taliaferro v Trump Entertainment Resorts, Inc.*, 2013 US Dist LEXIS 175043, at *40 [DNJ Dec. 11, 2013, No. 12-3883 (JBS/AMD)]; *W.S. v Wilmington Area Sch. Dist.*, 2015 US Dist LEXIS 160146, at *21 [WD Pa Nov. 30, 2015, Civil Action No. 15-406]); *Albanes v Wells Fargo Bank, NA (In re Albanes)*, 560 BR 155, 166 [Bankr DNJ 2016]).

In any event, the issue of the assignment is moot. The assignment here was by and between Mr. Guo and Plaintiff. Plaintiff has now elected to cancel the assignment and Mr. Guo

has agreed to accept the cancellation of the assignment. Defendant is neither a party to, nor a third-party beneficiary of the assignment. As Defendant has not paid anything to either Mr. Li or Mr. Guo, Defendant lacks standing to challenge the assignment. *Everbank v Tierney*, 2020 N.J. Super. Unpub. LEXIS 1414, at *9 [Super Ct App Div July 15, 2020, No. A-2435-18T2]; *U.S. Bank, N.A. v Bello*, 2019 N.J. Super. Unpub. LEXIS 303, at *6 [Super Ct App Div Feb. 7, 2019, No. A-1756-17T3]).

### Defendant's Third-Party Claim

Defendant's claim against Mr. Guo alleges that Fanz borrowed money from Ms. Xiuli Hu, and that Mr. Guo and Mr. Lor were both personal guarantors of the loan.

As admitted by Mr. Lor at his deposition, Ms. Hu is a "good friend" of his. Fanz was having difficulty financially and Mr. Lor approached Ms. Hu and asked to borrow money. He offered to use up his own house as collateral.

Although there are multiple documents supporting the existence of the loan, all of them were executed by Ms. Hu *and Mr. Lor*. There were no documents produced by Defendant showing that Mr. Guo agreed to be personally responsible for the loan. The only document that references the loan is a letter by Mr. Guo to Mr. Li. In the letter, Mr. Guo thanks Mr. Li for putting up his own house to help secure a loan for the company. No mention is made of any personal guaranty *by Mr. Guo*. Lastly as admitted by Mr. Lor, the only people who were involved in the loan discussion by and between Mr. Lor and Ms. Hu were Mr. Lor and Ms. Hu.

Under the Civil Code of the People's Republic of China, Article 668, "Loan contracts shall be made in written form, unless the loan is between natural persons who have agreed otherwise." 2020 China Law LEXIS 699, *1. Furthermore, as required under Article 685, "A guarantee contract may be a written contract entered into separately, or the guarantee clause set forth in the principal claim-obligation contract." 2020 China Law LEXIS 699, *2. In the instant case, the Hu loan agreement was not in writing. Mr. Guo's alleged guarantee is also not in writing.

Thus as a legal matter, there is no claim as to and against Mr. Guo since the alleged guarantee, if it ever existed, is void under Chinese law.

### Conclusion

For these reasons, Plaintiff and Mr. Guo seek to move before the Court on summary judgment, seeking judgment in favor of Plaintiff on Plaintiff's cause of action for breach of contract and for dismissal of Defendant's claim against Mr. Guo accordingly.

Yours Truly,
DGW Kramer LLP

/s/ Jacob Chen
By: Jacob Chen, Esq.