Jacob Chen, Esq.
One Rockefeller Plaza, 1060
New York, NY 10020
Ph: 917-633-6860
E-mail: jchen@dgwllp.com
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------x
YISHENG LI.

                        Plaintiff,

        -against-

STEWART LOR,

                        Defendant.
------------------------------------------------------------------x

Civil Action No.:
2:20-CV-05099-JMV-JRA

**RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS**

       Plaintiff Yisheng Li, and counter-claim defendant Xin Yue Guo ("Respondents"), by and through their attorneys DGW Kramer LLP, hereby submit the following response to the Defendant's statement of material facts not in dispute:

1. Respondents do not dispute Defendant's first statement of material fact.

2. Respondents do not dispute Defendant's second statement of material fact.

3. Respondents do not dispute Defendant's third statement of material fact.

4. Respondents do not dispute Defendant's fourth statement of material fact.

5. Respondents do not dispute Defendant's fifth statement of material fact.

6. Respondents do not dispute Defendant's sixth statement of material fact.

7. Respondents do not dispute Defendant's seventh statement of material fact.

8. Respondents dispute the statement, and materiality, of Defendants' eight statement of material fact, as Defendant's statement has no bearing on this case, and also the statement itself is entirely one of opinion not of fact, and is in any event disputed.

9. Respondents do not dispute Defendant's ninth statement of material fact.

10. Respondents dispute Defendant's tenth statement of material fact, as Defendant's statement has no bearing on this case, is a statement of opinion not of fact, is not material, and is disputed in this case, given the failure by Mr. Lor to pay back Mr. Li.

11. Respondents do not dispute Defendant's eleventh statement of material fact.

12. Respondents do not dispute Defendant's twelfth statement of material fact.

13. Respondents dispute Defendant's thirteenth statement of material fact as not a "statement of material fact" and instead a reference to allegations in an unverified pleading.

14. Respondents dispute Defendant's fourteenth as not a "statement of material fact" and instead as a reference to allegations in an unverified pleading.

15. Respondents do not dispute Defendant's fifteenth statement of material fact.

16. Respondents dispute Defendant's sixteenth as not a "statement of material fact" and instead as a reference to allegations in an unverified pleading.

17. Respondents do not dispute Defendant's seventeenth statement of material fact.

18. Respondents do not dispute Defendant's eighteenth statement of material fact.

19. Respondents do not dispute Defendant's nineteenth statement of material fact.

20. Respondents do not dispute Defendant's twentieth statement of material fact.

21. Respondents do not dispute Defendant's twenty-first statement of material fact.

22. Respondents dispute Defendant's twenty-second statement as not being a "statement of material fact" but a reference to an interrogatory response.

23. Respondents dispute Defendant's twenty-third statement as not being a "statement of material fact" but a reference to an interrogatory response.

24. Respondents dispute Defendant's twenty-fourth statement as not being a "statement of material fact" but a reference to an interrogatory response.

25. Respondents dispute Defendant's twenty-fifth statement as not being a "statement of material fact", and furthermore that the question asked at deposition of "Everything that is in the Amended Complaint is – that you allege in the Amended Complaint, is true and correct, right?" is an impermissibly broad question that would not be admissible at trial.

26. Respondents dispute Defendant's twenty-sixth statement as not being a "statement of material fact" and a gross mischaracterization of the testimony provided by the witness, and refers the Court to the full deposition transcript.

27. Respondents dispute Defendant's twenty-seventh statement as not being a "statement of material fact" and a gross mischaracterization of the testimony provided by the witness, and refers the Court to the full deposition transcript.

**RESPONDENTS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

1. On April 23, 2016, Plaintiff ("Mr. Li" or "Plaintiff") signed a Securities Purchase Agreement (the "Agreement"), pursuant to which he would make an investment of $500,000 in a company called Fanz Co., Ltd. ("Fanz"). (Exhibit A).

2. On May 18, 2016, the Agreement was amended (the "Amendment") to expand the existing "Make Good" provision of the Agreement. (Exhibit B).

3. Per the Amendment, if Fanz fails to secure Series A funding and discontinues its

operations, Mr. Guo and Defendant ("Mr. Lor" or "Defendant") agreed to return in full the investment made by Plaintiff. (Exhibit B).

4. Per the Amendment, Mr. Guo and Mr. Lor would each be responsible for half of the amounts due, i.e. $250,000 each. (Exhibit B).

5. The Amendment was executed by Mr. Li, Mr. Guo, and Mr. Lor. (Exhibit B).

6. Fanz was not able to secure Series A funding and discontinued operations. (Exhibit C, 30-31).

7. Mr. Lor never made the $250,000 payment to Mr. Li. (Exhibit C, 35).

8. On November 27, 2019, Mr. Li attempted to assign his claim against Mr. Lor to Mr. Guo. (Exhibit D).

9. Mr. Lor challenged the validity of the assignment before this Court. His first counter-claims, seeks declaratory judgment that the assignment was invalid, that the consideration paid to Mr. Li, including shares in Sea & Sand "are worthless and cannot be the basis of a valid assignment" and furthermore, Mr. Lor was "never given proper notice of the assignment under Chinese law." (Exhibit E, 5).

10. Mr. Guo admits that the shares in Sea & Sand are in fact worthless, that Sea & Sand is defunct, and that no notice was given to Mr. Lor about the assignment. (Exhibit F).

11. Mr. Guo and Mr. Li therefore in response to the claims raised by Defendant, orally cancelled the assignment. (Exhibit F).

12. The cancellation was later reduced into writing. (Exhibit G).

13. On October 14, 2021, counsel for Mr. Li and Mr. Guo reached out to counsel for Defendant, accepting Defendant's position "with respect to the legitimacy of the assignment" and offered to withdraw the assignment related claims. (Exhibit H).

14. Defendant agreed and on October 22, 2021, executed a stipulation of dismissal with prejudice of Mr. Guo's claims. (Exhibit I).

15. To date, Mr. Lor has not made any payments to Mr. Li, or Mr. Guo, of the $250,000 required of him under the Agreement or the Amendment.

Based on the foregoing response to Defendant's statement of material facts, Plaintiff Mr. Li and counter-claim defendant Mr. Guo respectfully requests that the Court deny Defendant's motion for summary judgment.

Dated: New York, New York
      October 5, 2022

Respectfully submitted,
DGW Kramer LLP

By:   /s/ Jacob Chen
Jacob Chen, Esq.
Attorneys for Mr. Li and Mr. Guo
One Rockefeller Plaza, 1060
New York, NY 10020
Ph: 917-633-6860
E-mail: jchen@dgwllp.com