**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

-------------------------------------------------

YISHENG LI,

    Plaintiff,

-against-

STEWART LOR,

    Defendant.

-------------------------------------------------

Civil Action No.:
2:20-CV-05099-JMV-JRA

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR**
**<u>PARTIAL SUMMARY JUDGMENT</u>**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ......................................................................................................... 2

LEGAL STANDARD ................................................................................................................ 5

ARGUMENT ............................................................................................................................... 6

   I.   MR. LI LACKS STANDING TO ASSERT A BREACH OF CONTRACT CLAIM AS HE ASSIGNED HIS RIGHTS TO MR. GUO ................................................................... 6

   II.   MR. LI HAS BEEN FULLY PAID AND THUS HAS NO DAMAGES ........................ 7

CONCLUSION ......................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*AMA Realty LLC v. 9440 Fairview Ave. LLC,*
 13-cv-457 (JMV) (MF), 2017 WL 6619366, (D.N.J. Dec. 28, 2017) ....................................... 7

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)………………………………....….6

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ........................................ ……………….6

*Frederico v. Home Depot*, 507 F.3d 188 (3d Cir. 2007)…………………………....………….8

*Garcia v. Com. Acceptance Co.,*
 2:19-cv-1058 (WJM) (AME), 2022 WL 4132066 (D.N.J. Sept. 12, 2022) ............................... 7

*INDECS Corp. v. Claim DOC, LLC,*
 No. cv-164421, 2020 WL 5868796 (D.N.J. Oct. 2, 2020) ......................................................... 9

*In re Refco Inc.*, No. 05-60006 (RDD),
 2006 WL 2664215, (S.D.N.Y. Sept. 13, 2006) …………..……………..……………………....9

*Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992) ........................................................................ 8

*Operating Sys. Support, Inc. v. Wang Lab'ys, Inc.*, 52 F. App'x 160 (3d Cir. 2002) ...................... 6

*Reilly v. Ceridien Corp.*,
 10-cv-5142 (JLL), 2011 WL 735512 (D.N.J. Feb. 22, 2011) .................................................... 8

*Sanford Inv. Co. v. Ahlstrom Mach. Holdings, Inc.*, 198 F.3d 415 (3d Cir. 1999) ..................... 6, 7

*Scopia Mortg. Corp. v. Greentree Mortg. Co., L.P.*, 233 F. Supp. 2d 625 (D.N.J. 2000) ............. 9

*Securimetrics, Inc. v. Iridian Techs., Inc.*,
 03-cv-4394 (RBK), 2005 WL 1140689 (D.N.J. May 13, 2005) ........................................... 8, 9

*Smith v. Johnson & Johnson,* 593 F.3d 280 (3d Cir. 2010) ......................................................... 7

*SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183 (3d Cir. 2022) .............................................. 6

*White v. Smiths Detection Inc.*, 10-cv-4078 (SRC), 2011 WL 1466160 (D.N.J. Apr. 15, 2011) ... 8

Defendant Stewart Lor ("Mr. Lor") respectfully submits this memorandum of law in support of his motion for partial summary judgment on Plaintiff Yisheng Li's ("Mr. Li") sole remaining claim for breach of contract.

## PRELIMINARY STATEMENT

The undisputed facts establish that Mr. Li lacks standing (because Mr. Li assigned his rights under the contract he is suing under) and has no damages (because Mr. Li was fully repaid what he was owed). Summary judgment should be granted, dismissing Mr. Li's claim.

This lawsuit arises from an April 2016 securities purchase agreement between Mr. Li, Mr. Lor, and Mr. Xin Yue Guo ("Mr. Guo") pursuant to which Mr. Li invested $500,000 in Mr. Lor's and Mr. Guo's company, Fanz Co., Ltd. ("Fanz"). As security for Mr. Li's $500,000 investment, Mr. Lor and Mr. Guo agreed to reimburse Mr. Li if Fanz failed to secure further funding and discontinued its operations, with Mr. Guo and Mr. Lor each bearing half of the cost of any such reimbursement. Fanz failed to secure funding and discontinued its operations.

In November 2019, Mr. Li assigned all of his rights of recovery against Mr. Lor to Mr. Guo (the "Assignment"). In exchange for the Assignment, Mr. Guo provided Mr. Li with consideration equivalent to the full amount ($500,000) owed to Mr. Li, namely, one million shares of a Cayman Islands company called Sea & Sand Entertainment Limited ("Sea & Sand") and the right to collect $500,000 at a 6.6% interest rate against Mr. Guo personally.

In April 2020, Mr. Guo filed this action as Mr. Li's assignee. In May 2021, Mr. Li was added to this action as a co-plaintiff. In their Amended Complaint, Mr. Guo and Mr. Li pled that in connection with the Assignment, Mr. Guo paid Mr. Li the "full amount" that Mr. Li was owed.

1

In October 2021, Mr. Guo voluntarily dismissed all of his claims with prejudice. Accordingly, the only claim remaining against Mr. Lor is Mr. Li's breach of contract claim.

However, Mr. Li lacks standing and has no damages.

It is undisputed that Mr. Li assigned his right of recovery against Mr. Lor to Mr. Guo. Having assigned his rights to Mr. Guo, Mr. Li lacks standing.

It is also undisputed that Mr. Li received one million shares of Sea & Sand from Mr. Guo, and that the Assignment gave Mr. Li the right to collect $500,000 at a 6.6% interest rate from Mr. Guo. Thus, Mr. Li was fully repaid in connection with the Assignment. He cannot extract *another* $250,000, *on top of* the consideration equivalent to $500,000 that he has already received.

For all of these reasons and as more fully discussed below, Mr. Lor's motion should be granted.

## STATEMENT OF FACTS

Mr. Guo and Mr. Lor were owners of a startup company known as Fanz. *See* Statement at ¶ 1.[1] In April 2016, Mr. Lor and Mr. Guo signed a securities purchase agreement with Mr. Li (the "Li Agreement"), pursuant to which Mr. Li invested $500,000 in Fanz. *Id*. at ¶ 6. In May 2016, the Li Agreement was amended (the "Li Amendment") to provide that if Fanz failed to secure further funding and discontinued its operations, Mr. Guo and Mr. Lor would reimburse Mr. Li's $500,000 investment (with Mr. Lor and Mr. Guo agreeing that they would each reimburse 50% of the amount owed to Mr. Li, *i.e.*, $250,000) if Fanz did not acquire Series A funding within twenty-four months of Mr. Li's investment. *Id*. at ¶ 7. Fanz later discontinued its operations. *Id*. at ¶¶ 8-10. Mr. Guo thereafter paid Mr. Li consideration equivalent to the full amount owed to Mr. Li under

---

[1] All references to "Statement _" are citations to ECF 66-1, Defendant's Statement of Material Facts Not In Dispute.

the Li Agreement and Li Amendment in exchange for an assignment of all of Mr. Li's rights against Mr. Lor. *Id*. at ¶¶ 14-27.

On April 24, 2020, Mr. Guo filed this action on behalf of himself and as an assignee of Mr. Li. *See id.* at ¶ 11. On May 27, 2021, Mr. Li was added to this action as a plaintiff, and Mr. Guo and Mr. Li filed their amended complaint (the "AC"). *Id*. at ¶12. The AC was identical to the initial complaint except that it asserted a breach of contract claim on behalf of Mr. Li in the event that Mr. Li's assignment of his claims to Mr. Guo was held invalid. *Id.* at ¶ 13.

In the AC, Mr. Guo and Mr. Li each claimed an entitlement to recover $250,000 from Mr. Lor, an amount that allegedly represents Mr. Lor's share of the $500,000 that was required to be repaid to Mr. Li under the terms of the Li Agreement and Li Amendment. *See id*. at ¶ 11 (discussing Mr. Guo's breach of contract and equitable contribution claims against Mr. Lor); *see also id.* at ¶ 13 (discussing Mr. Li's breach of contract claim against Mr. Lor).

As the AC concedes, however, Mr. Guo had already paid Mr. Li the full amount that was owed to him under the Li Agreement and Li Amendment. *Id*. at ¶ 14. Specifically, as pled in the AC, Mr. Li assigned his rights against Mr. Lor to Mr. Guo in exchange for receiving consideration equivalent to the "full amount" owed to Mr. Li under the Li Agreement and Li Amendment:

> *Mr. [Guo]thereafter paid Mr. Li consideration equivalent to the full amount that was owed to Mr. Li* under the Agreement and the Amendment in exchange for an assignment of interest by Mr. Li to Mr. Guo of any and all rights Mr. Li has or had against Mr. Lor.

*Id*. at ¶ 14 (emphasis added).

During discovery in this action, Mr. Li and Mr. Guo produced a November 27, 2019 assignment agreement that was executed by Mr. Li and Mr. Guo. *See id.* at ¶ 18. As provided in the assignment agreement, in exchange for Mr. Li's assignment of his rights to Mr. Guo, Mr. Guo

3

agreed (i) to transfer to Mr. Li one million shares in Sea & Sand,[2] a Cayman Islands corporation, and (ii) that if Sea & Sand did not have an initial public offering ("IPO") within three years (*i.e.*, by November 27, 2022), Mr. Li would have the right to recover $500,000, plus interest at a rate of 6.6%, from Mr. Guo.  *See id.*  Mr. Li produced Sea & Sand's Register of Members in discovery. *See id.* at ¶ 19.  Further, Cayman Islands corporate records produced in discovery reflect that Mr. Li is one of sixteen record holders of Sea & Sand shares and is the record holder of one million Sea & Sand shares. *See id.* at ¶¶ 20-21.[3]

On August 1, 2021, Mr. Lor filed an Answer and Counterclaims to the AC. *See id.* at ¶ 15. Mr. Lor's Answer asserted a number of affirmative defenses to Plaintiffs' claims, one of which was lack of standing.  *See id*.

On September 21, 2021, Mr. Guo and Mr. Li filed an Answer to Mr. Lor's Counterclaims which admitted that "Mr. Li and Mr. [Guo] signed an assignment agreement," and that the Assignment "involves the assignment of Mr. Li's interest to Mr. Guo and one of the considerations provided to Mr. Li was shares of the Cayman Islands company" mentioned in Mr. Lor's Counterclaims (Sea & Sand).  *Id*. at ¶ 16.

Mr. Li admitted at his deposition that he had read the AC in translation, and that everything in the AC was true and correct, including Mr. Li's admission that he received consideration equivalent to the "full amount" owed to him. *See id.* at ¶ 25. Mr. Li also stated that he received

---

[2] Mr. Guo stated in his interrogatory responses dated December 14, 2020 that Sea & Sand "was formed to shoot short films in Japan and France and to monetize those videos through paid membership for content access in the United States. The French video series was planned to be shot in Paris and included the Paris Girls series, Paris Food series, and the Paris Style Series. The Japanese video series was planned to be shot in Tokyo and included the Oriental Girls series and Tokyo food series. . .".  Statement at ¶ 22.

[3] Mr. Guo further admitted in an interrogatory response that Mr. Li received and still owns one million shares of Sea and Sand, and the Li Amendment gave him the right to collect $500,000 plus interest from Mr. Guo if Sea & Sand did not have an IPO. *See id.* at ¶¶ 23-24.

one million shares of Sea & Sand and that he had the right to collect $500,000 from Mr. Guo if Sea & Sand did not have an IPO:

> Mr. Kushner: Do you agree that you, in fact, received one million shares of Sea and Sand, Limited, from Mr. [Guo], correct?
>
> Mr. Li: *I can only say that that transaction did happen. There was that process. . .*
>
> . . .
>
> Mr. Kushner: Paragraph 4 [of the Assignment] states if Sea and Sand Entertainment fails to achieve an IPO within three years, you have the right to request Mr. [Guo] to pay you $500,000 plus interest at a rate of 6.6 percent per year; isn't that correct?
>
> Mr. Li: *According to what is indicated in the contract, that's the case.*

*Id.* at ¶ 26 (emphasis added).

At his deposition, Mr. Guo also confirmed that he had transferred one million shares of Sea & Sand to Mr. Li:

> Mr. Kushner: You transferred one million shares of Sea and Sand Entertainment to Mr. Li, correct?
>
> Mr. Guo: *Correct. It was indicated clearly in the document.*

*Id.* at ¶ 27 (emphasis added).

In October 2021, Mr. Guo voluntarily dismissed all of his claims with prejudice. *See id.* at ¶ 17. Accordingly, the only claim remaining against Mr. Lor is Mr. Li's breach of contract claim. *See id.* at ¶¶ 13, 17.

## LEGAL STANDARD

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). For a factual dispute to be material, its resolution must have the potential to affect

5

the outcome of the suit.  See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("the mere existence of a scintilla of evidence in support of the [non-movants] position will be insufficient").

Accordingly, the main function of a summary judgment motion is to "determine whether there is a genuine issue for trial."  *Operating Sys. Support, Inc. v. Wang Lab'ys, Inc.*, 52 F. App'x 160, 165 (3d Cir. 2002).  Summary judgment is properly granted when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [its] case, and on which [it] will bear the burden of proof at trial.'"  *SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 203–04 (3d Cir. 2022) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ARGUMENT

### I. MR. LI LACKS STANDING TO ASSERT A BREACH OF CONTRACT CLAIM AS HE ASSIGNED HIS RIGHTS TO MR. GUO

A party that assigned its contract rights to a third party lacks standing to assert claims under the contract.  *See, e.g.*, *Sanford Inv. Co. v. Ahlstrom Mach. Holdings, Inc.*, 198 F.3d 415, 425 (3d Cir. 1999) (affirming district court's summary judgment order that party lacked standing to sue as it had assigned its rights to a third party); *Operating Sys. Support, Inc. v. Wang Lab'ys, Inc.*, 52 F. App'x 160, 166-67 (3d Cir. 2002) (genuine issue of material fact as to whether interests were assigned to another corporation precluded summary judgment on standing grounds).

Here, Mr. Li assigned to Mr. Guo "any and all rights Mr. Li has or had against Mr. Lor." Statement at ¶ 14 (quoting the AC; ECF 32).  Mr. Li stated in the pleadings that he assigned his rights against Mr. Lor to Mr. Guo (*see id*. at ¶ 14),[4] reiterated this position in his Answer to Mr. Lor's Counterclaims (*see id*. at ¶ 16), and maintained this position throughout discovery, including

---

[4] Mr. Li stated at his deposition that he read a Chinese translation of the AC and that all facts alleged therein were true and correct.  *See id*. at ¶ 25.

6

confirming under oath at his deposition that he received consideration in exchange for the Assignment (*see id*. at ¶¶ 24, 26-27), and producing a copy of the Assignment (*see id.* at ¶ 18).

Six months after discovery closed in this action, Mr. Li purported to "cancel" the Assignment.[5] The purported "cancelation" should be disregarded for purposes of this motion, as it is well established that a litigant cannot introduce new material facts to support a new theory of liability for purposes of summary judgment.

There is no material issue of fact. Mr. Li's breach of contract claim should be dismissed as he assigned his rights to Mr. Guo and thus has no standing to bring any claims against Mr. Lor. *See Sanford Inv. Co. v. Ahlstrom Mach. Holdings, Inc.*, 198 F.3d 415, 425 (3d Cir. 1999) (affirming district court's grant of summary judgment where non-movant "completely assigned its right to enforce payment . . . and consequently, [the non-movant] lack[ed] standing to sue").

## II.     MR. LI HAS BEEN FULLY PAID AND THUS HAS NO DAMAGES

In addition to the fact that he lacks standing, the undisputed facts establish that Mr. Li has no damages. Defendant is entitled to summary judgment dismissing Mr. Li's breach of contract claim for this additional reason.

---

[5] In Mr. Li's summary judgment correspondence to the Court, he contended for the first time that he "has now elected to cancel the assignment and Mr. Guo has agreed to accept the cancellation of the assignment." ECF 67 at 2-3. Mr. Li cannot introduce an entirely new set of facts on summary judgment. ***Indeed, the alleged "cancellation" did not occur until six months after the close of fact discovery* (ECF 44) *and was not disclosed until Mr. Li attached it to his declaration on his motion for summary judgment* (ECF 75-11; ECF 75-12)**. *See Garcia v. Com. Acceptance Co.*, 2:19-cv-1058 (WJM) (AME), 2022 WL 4132066, at *4 (D.N.J. Sept. 12, 2022) ("Plaintiff cannot now put forth a detailed set of new facts and arguments to support an entirely new theory of liability against Defendant for purposes of summary judgment."); *see also Smith v. Johnson & Johnson*, 593 F.3d 280, 285, n.3 (3d Cir. 2010) ("Under the sham affidavit doctrine a court will disregard an affidavit inconsistent with an affiant's prior deposition testimony when a party moves for summary judgment on the basis of the deposition unless the party relying on the affidavit in opposition to the motion can present a legitimate reason for the discrepancies between the deposition and the affidavit."); *AMA Realty LLC v. 9440 Fairview Ave. LLC*, 13-cv-457 (JMV) (MF), 2017 WL 6619366, at *3 (D.N.J. Dec. 28, 2017) (applying the sham affidavit doctrine and disregarding a certification on summary judgment where the certification "directly contradict[ed] his deposition testimony").

To establish a claim for breach of contract, a plaintiff must allege "(1) a contract between the parties; (2) a breach of that contract; ***(3) damages flowing therefrom***; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007) (emphasis added). "Actual injury is [] required to maintain claims for breach of contract[.]" *Reilly v. Ceridien Corp.*, 10-cv-5142 (JLL), 2011 WL 735512, at *2-*5, n.2 (D.N.J. Feb. 22, 2011), *aff'd sub nom. Reilly v. Ceridian Corp.*, 664 F.3d 38 (3d Cir. 2011) (dismissing claim for lack of damages and lack of standing); *see also White v. Smiths Detection Inc.*, 10-cv-4078 (SRC), 2011 WL 1466160 at *3 (D.N.J. Apr. 15, 2011) (dismissing claim as the plaintiff "did not experience any damages."). Likewise, standing requires an "irreducible constitutional minimum of . . . 'injury in fact.'" *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

Here, Mr. Li's breach of contract claim should be dismissed as Mr. Li cannot show that he has suffered any injury; in fact, he has been fully repaid.[6] *See Securimetrics, Inc. v. Iridian Techs., Inc.*, No. 03-cv-4394 (RBK), 2005 WL 1140689, at *4 (D.N.J. May 13, 2005) ("A party bringing a claim for breach of contract under New Jersey law 'has the burden of proof to establish all elements of its cause of action, including damages.'") (citation omitted). The AC concedes that Mr. Guo "paid Mr. Li consideration equivalent to the full amount that was owed to Mr. Li under the [Li] Agreement and the [Li] Amendment…" Statement at ¶ 14.[7] Mr. Li confirmed at his deposition that everything in the AC was true and correct, including Mr. Li's admission in the AC that he received consideration equivalent to the "full amount" owed to him. *See id.* at ¶ 25. Mr. Li admitted at his deposition that in exchange for the Assignment, Mr. Li received one million

---

[6] Likewise, Mr. Li cannot establish a "breach" of the Li Agreement or Li Amendment as Mr. Li has been fully repaid.
[7] Mr. Li's and Mr. Guo's Answer to Mr. Lor's Counterclaims likewise state that Mr. Li received consideration in the form of shares of Sea & Sand. *See* Statement at ¶ 16.

8

shares of Sea & Sand, and the right receive $500,000 from Mr. Guo (plus interest at a rate of 6.6% per year) if Sea & Sand failed to achieve an IPO by November 27, 2022. *See id.* at ¶ 26.[8] Moreover, during discovery Mr. Li and Mr. Guo produced the actual Assignment (*see id.* at ¶ 18) as well as Cayman Islands corporate records that explicitly state that Mr. Li is the record holder of one million shares of Sea & Sand (*see id.* at ¶¶ 20-21, 23).

Having been fully paid, Mr. Li has no damages and his claim should be dismissed. *See INDECS Corp. v. Claim DOC, LLC*, No. cv-164421, 2020 WL 5868796, at *12 (D.N.J. Oct. 2, 2020) (granting summary judgment on breach claim where there was no "concrete or actual injury, resulting from the claimed breach, that would be required in order to establish standing . . . In the alternative—even if the matter is not viewed as one of standing—this is a no-damages claim."); *see also Scopia Mortg. Corp. v. Greentree Mortg. Co., L.P.*, 233 F. Supp. 2d 625, 630 (D.N.J. 2000), *aff'd,* 56 F. App'x 93 (3d Cir. 2003) ("Damages were distinctly put in issue and it was determined that no damages arose from the contract misrepresentation, and therefore no claim for breach could succeed."); *Securimetrics, Inc.*, No. 03-cv-4394 (RBK), 2005 WL 1140689, at *4 (dismissing breach of contract claim on summary judgment as the party admitted "in its papers that it has suffered no damages," and there was therefore "no genuine issue of fact as to the damages aspect").[9]

---

[8] Mr. Guo likewise admitted at his deposition that he transferred to Mr. Li one million shares of Sea & Sand, and that Mr. Li had the right to seek $500,000 from Mr. Guo at a 6.6% interest rate if Sea & Sand did not IPO. Statement at ¶ 27. Mr. Guo further stated in an interrogatory response dated December 14, 2020 that "Mr. Li still currently owns 1,000,000 shares of Sea & Sand" and that the "consideration equivalent to the full amount that was owed to Mr. Li," as referenced in paragraph 15 of the initial complaint, included how "if Sea and Sand does not become publicly listed within a certain set time frame, Mr. Guo agrees to pay Mr. Li the full amount of $500,000 with interest.". *See id.* at ¶¶ 23-24.

[9] Any contention that the shares in Sea & Sand are *now* worthless is irrelevant to whether the consideration Mr. Li received was adequate when the Assignment was executed. *Cf. In re Refco Inc.,* No. 05-60006 (RDD), 2006 WL 2664215, at *3 (S.D.N.Y. Sept. 13, 2006) ("Adequacy of consideration is measured at the time of entry into the contract."). Further, Mr. Li admitted at his deposition that the Assignment gave him the right "to request Mr. Guo pay [him] $500,000 plus interest at a rate of 6.6 percent per year[.]" *See* Statement at ¶ 26.

## **CONCLUSION**

Based upon the foregoing, Mr. Lor respectfully requests that the Court issue an order granting his motion for partial summary judgment and dismissing Mr. Li's breach of contract claim against Mr. Lor.

Dated: December 2, 2022
      New York, New York　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　ABELL ESKEW LANDAU LLP


　　　　　　　　　　　　　　　　　　　　By: __/s/David M. Eskew__
　　　　　　　　　　　　　　　　　　　　David M. Eskew
　　　　　　　　　　　　　　　　　　　　41 Watchung Plaza, #501
　　　　　　　　　　　　　　　　　　　　Montclair, NJ 07042
　　　　　　　　　　　　　　　　　　　　Ph: 646-970-7342
　　　　　　　　　　　　　　　　　　　　E-mail: deskew@aellaw.com

　　　　　　　　　　　　　　　　　　　　Amiad Kushner (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　SEIDEN LAW GROUP LLP
　　　　　　　　　　　　　　　　　　　　322 Eighth Ave, Suite 1704
　　　　　　　　　　　　　　　　　　　　New York, NY 10001
　　　　　　　　　　　　　　　　　　　　Ph: 646-766-1914
　　　　　　　　　　　　　　　　　　　　E-mail: akushner@seidenlawgroup.com

　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant/Counterclaimant*