# Exhibit 4

Jacob Chen, Esq.
One Rockefeller Plaza, 1060
New York, NY 10020
Ph: 917-633-6860
E-mail: jchen@dgwllp.com
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------------x
XIN YUE GUO a.k.a. XIN YUE on behalf of himself and
as assignee of YISHENG LI and YISHENG LI.

                    Plaintiffs,

        -against-

STEWART LOR,

                    Defendant.
-----------------------------------------------------------------------x

Civil Action No.:
2:20-CV-05099-JMV-MF

**ANSWER TO COUNTER-CLAIMS**

Plaintiffs Xin Yue Guo a.k.a. Xin Yue, as assignee of Yisheng Li, and Yisheng Li, by and through their attorneys DGW Kramer LLP, hereby submits this answer to Defendant's counter-claims as follows:

1. Plaintiffs deny the allegations of this paragraph.

2. Plaintiffs deny knowledge or information with respect to the allegations of this paragraph and therefore on that basis deny the allegations of this paragraph.

3. Plaintiffs deny knowledge or information with respect to the allegations of this paragraph and therefore on that basis deny the allegations of this paragraph.

4. Plaintiffs deny the allegations of this paragraph.

5. Plaintiffs deny knowledge or information with respect to the allegations of this paragraph, but believe them to be true upon information and belief.

6. Mr. Yue admits the allegations of this paragraph.

7. Mr. Li admit the allegations of this paragraph.

8. The allegations of this paragraph do not call for a response.

9. Plaintiffs deny the allegations of this paragraph.

10. The allegations of this paragraph do not call for a response.

11. Plaintiffs deny the allegations of this paragraph except to admit that Mr. Yue and Mr. Lor were friends and business partners.

12. Plaintiffs deny the allegations of this paragraph.

13. Plaintiffs deny the allegations of this paragraph except to admit that Mr. Lor and Mr. Yue co-founded Fanz.

14. Plaintiffs admit the allegations of this paragraph.

15. Plaintiffs admit the allegations of this paragraph.

16. Plaintiffs admit the allegations of this paragraph.

17. Plaintiffs admit the allegations of this paragraph.

18. Plaintiffs deny the allegations of this paragraph.

19. Plaintiffs deny the allegations of this paragraph.

20. Plaintiffs deny the allegations of this paragraph.

21. Plaintiffs deny the allegations of this paragraph.

22. Plaintiffs deny the allegations of this paragraph and note that the allegations of this paragraph are entirely irrelevant to the case.

23. Plaintiffs deny the allegations of this paragraph and note that the allegations of this paragraph are entirely irrelevant to the case.

24. Plaintiffs deny the allegations of this paragraph except to admit that Mr. Lor stepped away from Fanz, Fanz thereafter discontinued its operations, and was not able to

obtain Series A financing or complete an IPO before discontinuing operations.

25. Plaintiffs deny knowledge or information with respect to the allegations of this paragraph and therefore on that basis deny the allegations of this paragraph.

26. Plaintiffs deny knowledge or information with respect to the allegations of this paragraph and therefore on that basis deny the allegations of this paragraph.

27. Plaintiffs deny knowledge or information with respect to the allegations of this paragraph and therefore on that basis deny the allegations of this paragraph.

28. Plaintiffs deny that Mr. Yue has any obligation to pay Mr. Lor or Ms. Hu any amount under the allegedly existing Hu Agreement.

29. Plaintiffs deny the allegations of this paragraph.

30. Plaintiffs deny the allegations of this paragraph.

31. Plaintiffs deny the allegations of this paragraph except to admit that Mr. Li and Mr. Yue signed an assignment agreement.

32. Plaintiffs deny the allegations of this paragraph except to admit that the agreement involves the assignment of Mr. Li's interest to Mr. Yue.

33. Plaintiffs deny the allegations of this paragraph except to admit that the agreement involves the assignment of Mr. Li's interest to Mr. Yue and one of the considerations provided to Mr. Li was shares of the Cayman Islands company as mentioned in this paragraph.

34. Plaintiffs deny the allegations of this paragraph.

35. Plaintiffs deny the allegations of this paragraph.

36. Plaintiffs deny the allegations of this paragraph.

37. Plaintiffs deny the allegations of this paragraph.

38. Plaintiffs deny the allegations of this paragraph.

39. The allegations of this paragraph do not call for a response.

40. Plaintiffs deny the allegations of this paragraph.

41. Plaintiffs deny the allegations of this paragraph.

42. Plaintiffs deny the allegations of this paragraph.

43. The allegations of this paragraph do not call for a response.

44. The allegations of this paragraph do not call for a response.

45. Plaintiffs deny the allegations of this paragraph.

46. Plaintiffs deny the allegations of this paragraph.

47. Plaintiffs deny that Mr. Yue has any obligation to pay Mr. Lor or Ms. Hu any amount under the allegedly existing Hu Agreement.

48. Plaintiffs deny the allegations of this paragraph.

49. The allegations of this paragraph do not call for a response.

50. Plaintiffs deny the allegations of this paragraph.

51. Plaintiffs deny the allegations of this paragraph.

52. Plaintiffs deny the allegations of this paragraph.

53. Plaintiffs deny the allegations of this paragraph.

54. The allegations of this paragraph do not call for a response.

55. Plaintiffs deny the allegations of this paragraph.

## AFFIRMATIVE DEFENSES

1. Defendant has failed to plead a claim as to and against Mr. Li.

2. The claim as to and brought against Plaintiffs are barred by the statute of frauds or

otherwise barred because of a failure to reduce the alleged contract into writing.

3. The claim as to and brought against Plaintiffs are barred by the statute of limitations of the People's Republic of China.

4. Defendant is not entitled to a set-off as his claim is unrelated to the claim by Mr. Li, and there is no equitable doctrine which applies.

Dated: New York, New York
September 20, 2021

Respectfully submitted,
DGW Kramer LLP

By: /s/ Jacob Chen
Jacob Chen, Esq.
Attorneys for Plaintiffs
One Rockefeller Plaza, 1060
New York, NY 10020
Ph: 917-633-6860
E-mail: jchen@dgwllp.com

**Law Office of Howard Gutman**
230 Route 206, Suite 307
Flanders, New Jersey 07836
Tel: (973) 598-1980
Fax: (973)531-4110

By: /s/ Howard Gutman
Howard Gutman, Esq.
howardgutman@aol.com