# Exhibit 11

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------------x
XIN YUE GUO a.k.a XIN YUE on behalf of himself and as
assignee of YISHENG LI and YISHENG LI.

                        Plaintiff,                      Civil Action No.:

           -against-                        2:20-cv-5099-JMV-MF

STEWART LOR,

                        Defendant.
------------------------------------------------------------------------x

### RESPONSES AND OBJECTIONS OF PLAINTIFF

### TO DEFENDANT'S INTERROGATORIES

Xin Yue Guo ("Mr. Guo"), by his undersigned attorneys, hereby respond and object to Defendant's Interrogatories, dated October 22, 2020, (the "Interrogatories") as follows:

### GENERAL OBJECTIONS

1.      Mr. Guo object to each Interrogatory to the extent it seeks documents, things, or information not material and necessary to the prosecution or defense of the action.

2.      Mr. Guo object to each Interrogatory to the extent that it calls for the disclosure of information or documents not relevant to the issues of law and subject matter in this action, and to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.

3.      Mr. Guo object to each Interrogatory to the extent that it is vague, ambiguous, overly broad, capable of multiple interpretations, confusing, unduly burdensome, unreasonably cumulative or duplicative, oppressive, unintelligible, or the burden or expense of responding to any request outweighs its likely benefit.

4.      Mr. Guo reserve the right to supplement each of these responses as additional document and evidence become available.

### SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

1.      Describe the business activities of Sea and Sand Entertainment Limited ("Sea and Sand"), as referenced in the purported assignment between Plaintiff and Mr. Li.

ANSWER

Mr. Guo objects to this demand as not relevant to the proceeding. Without waiving any objections, Sea and Sand Entertainment was formed to shoot short films in Japan and France and to monetize those videos through paid membership for content access in the United States. The French video series was planned to be shot in Paris and included the Paris Girls series, Paris Food series, and the Paris Style Series. The Japanese video series was planned to be shot in Tokyo and included the Oriental Girls series and Tokyo food series. Mr. Guo had planned to publish these videos online in a monthly electronic magazine format that subscribers could access. Due to travel and visa restrictions due to the COVID-19 pandemic, Mr. Guo was unable to travel to Paris and Tokyo to shoot the series and has delayed the project for about a year. Thus, investments in the company were temporarily halted as well.

2. Describe where Sea and Sand is incorporated, and where it conducts its business activities.

ANSWER

Mr. Guo objects to this demand as not relevant to the proceeding. Without waiving any objections, Sea and Sand was incorporated in the Cayman Islands July 2, 2019. Video shooting was expected to take place in France and Japan and the video series was to be marketed to the U.S. and European markets.

3. Describe the value of Sea and Sand, including its current revenue, profits, losses and debt for the past three years.

ANSWER

Mr. Guo objects to this demand as not relevant to the proceeding. Without waiving any objections, because of the COVID-19 pandemic, and its interference with the intended video shooting projects, it is impossible to produce an accurate description of the value of Sea and Sand until after cross-border travels have been re-established.

4. Describe the total number of shares in Sea and Sand, including the ownership of those shares. Please specifically identify: (a) whether each share is owned by Plaintiff or Mr. Li, and (b) if shares are owned by a third-party, please specifically indicate the number of shares owned by third parties.

ANSWER

The document title "2019.12.18 – Sea & Sand Entertainment Limited – Certificate of Incumbency" includes the full shareholder list, including the number and class of shares held. Mr. Guo possesses 62,420,000 Ordinary Shares and Mr. Li possesses 1,000,000 Ordinary Shares.

5. State whether Mr. Li still owns the shares in Sea and Sand referenced in the purported assignment.

ANSWER

Mr. Li still currently owns 1,000,000 shares of Sea & Sand.

6. Explain the "consideration equivalent to the full amount that was owned to Mr. Li" as referenced in Paragraph 15 of the Complaint. Please include whether Mr. Li was paid any consideration besides the shares in Sea and Sand referenced in the purported assignment. If so, please estimate the dollar value of that consideration.

ANSWER

Mr. Li was not paid any consideration besides the shares in Sea and Sand. However pursuant to the assignment agreement by and between Mr. Li and Mr. Guo, if Sea and Sand does not become publicly listed within a certain set time frame, Mr. Guo agrees to pay Mr. Li the full amount of $500,000 with interest.

7. Identify all non-privileged documents used in responding to the above interrogatories.

ANSWER

The documents used in responding to the above interrogatories are the Register of Members, Certificate of Incumbency, and Certificate of Incorporation.

Dated: New York, New York
December 14, 2020

Yours Truly,

DGW Kramer LLP

***By:*** /s/ Jacob Chen
Jacob Chen, Esq.
*Attorneys for Plaintiffs*
1 Rockefeller Plaza
Suite 1060
New York, NY 10020
(917) 633-6860
E-mail: jchen@dgwllp.com

## **VERIFICATION**

STATE OF NEW YORK        )
                         ) ss.:
CITY OF NEW YORK         )

     I, Xin Yue Guo, being duly sworn, depose and say: I have read the foregoing document entitled **RESPONSES AND OBJECTIONS OF PLAINTIFF TO DEFENDANT'S INTERROGATORIES**, and know the contents thereof, and the factual matters stated therein as pertains to me are true to my knowledge. I am an officer of Sea & Sand Entertainment Limited and am duty authorized to verify this document as an officer of the company.

Dated:                                                  _____

_____
Notary Public