**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| XIN YUE GUO a.k.a. XIN YUE on behalf of himself and as an assignee of YISHENG LI and YISHENG LI,<br><br>       *Plaintiffs*,<br><br>   v.<br><br>STEWART LOR,<br><br>       *Defendant*. | Civil Action No. 20-5099<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

      Presently before the Court are motions for partial summary judgment filed by (1) Plaintiff Yinsheng Li and Counterclaim Defendant Xin Yue Guo, D.E. 75; and (2) Defendant Stewart Lor, D.E. 76. Lor opposed Li and Guo's motion, D.E. 81, and filed a reply brief in further support of his motion based on Li and Guo's lack of opposition to his motion, D.E. 82. The Court reviewed the submissions[1] made in support and opposition to the motions and considered the motions

---

[1] The Court refers to Li and Guo's brief in support of their motion (D.E. 75-2) as "Plf. Br."; Defendant's brief in support of his motion (D.E. 76-1) as "Def. Br."; Defendant's brief in opposition (D.E. 81) as "Def. Opp."; and Defendant's reply brief (D.E. 82) as "Def. Reply." In addition, the Court refers to Defendant's Statement of Material Facts Not in Dispute (D.E. 66-1) as "Def. SOMF"; Li and Guo's Statement of Material Facts (D.E. 67-1) as "PSOMF"; the response to DSOMF (D.E. 71-1) as "DSOMF Resp."; and Defendant's responsive statement of material facts (D.E. 72-1) as "DRSOMF".

Li and Guo filed a statement of material facts with their motion of summary judgment that is different than the statement they provided when seeking leave to file the instant motions. *Compare* D.E. 67-1, *with* D.E. 75-1. Li and Guo did not seek leave to file a revised statement of material facts. In granting the parties leave to file their motions for summary judgment, this Court instructed that the parties "shall refer to, and not refile" their statements of material facts submitted

without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Li and Guo's motion is **GRANTED** and Lor's motion is **DENIED**.

I.     FACTUAL BACKGROUND[2] AND PROCEDURAL HISTORY

Plaintiff Xin Yue Guo and Defendant Stewart Lor were the founders and joint owners of Fanz Co., Ltd ("Fanz"). DSOMF ¶ 1. In April 2016, Guo and Lor entered into an agreement with Plaintiff Yisheng Li, through which Li agreed to invest $500,000 in exchange for 500,000 shares of Fanz (the "Agreement"). The parties performed under the Agreement. *Id.* ¶ 6; PSOMF ¶ 1. Li, Guo, and Lor then signed an amendment (the "Amendment") to the Agreement in May 2016. Pursuant to the Amendment, Guo and Lor agreed to equally reimburse Li's $500,000 investment if Fanz did not acquire Series A funding within 24 months of the investment. DSOMF ¶ 7; PSOMF ¶¶ 3-5. Fanz ceased operating and did not acquire Series A funding. PSOMF ¶ 6; DSOMF ¶ 9. Neither Guo nor Lor reimbursed Li as provided by the Amendment.

In November 2019, Li and Guo entered into a separate contract (the "Assignment"). Through the Assignment, Li assigned to Guo his (Li's) right to recover against Lor under the Amendment. In exchange, Li received shares of a separate company. If the separate company "fail[ed] to achieve IPO within three years" of the date of the agreement, Li "ha[d] the right to request" that Guo reimburse Li $500,000, plus interest. Kushner Decl, Ex. 7. Li received the shares, DSOMF ¶ 20, but there was no IPO and the company is now defunct, PSOMF ¶ 10. Accordingly, Li appears to have the right to seek $500,000 from Guo.

---

in conjunction with the requests for leave to file the motion. D.E. 74. Accordingly, the Court did not consider Li and Guo's revised statement of material facts in deciding either motion.

[2] The Court takes the factual background from PSOMF, DSOMF, DSOMF Resp., DRSOMF, the documents Li and Guo submitted with their motion for summary judgment, D.E. 75-3 – -16; the Declaration of Amiad Kushner ("Kushner Decl."), D.E. 77; and the Declaration of Stewart Lor ("Lor Decl."), D.E. 78.

Guo filed the initial Complaint in this matter against Lor, on his own behalf and as assignee of Li. D.E. 1. Guo asserted a breach of contract claim alleging that Lor failed to repay the $250,000 owed to him under the Agreement and Amendment by virtue of the Assignment. Compl. ¶¶ 17-22. Guo also asserted a contribution claim against Lor based on his personal repayment to Li. *Id.* ¶¶ 23-28. Lor challenged the validity of the Assignment. *See, e.g.*, D.E. 11. As a result, with the Court's leave, Guo filed the Amended Complaint. In the Amended Complaint, Guo asserted claims based on the Assignment and Li asserted a claim against Lor for breach of the Agreement, "[t]o the extent that the assignment of interest by Mr. Li to Mr. [Guo] is held invalid." Am. Compl. ¶ 24. Lor continued to challenge the validity of the Assignment. *See, e.g.*, Answer & Counterclaim, Second Affirmative Defense ("The consideration that the Plaintiff purportedly rely upon for the Li Assignment is worthless[.]"). Lor also asserted a counterclaim against Guo related to an alleged oral agreement. Lor alleges that he and Guo entered into a verbal contract with non-party Xiuli Hu for an additional investment in Fanz. Lor alleges that Guo has not made any payments required by the verbal agreement. *See generally* Answer & Counterclaim.

On October 25, 2021, the Court entered a stipulation dismissing Guo's claims. D.E. 49. Thus, only Li's direct claim against Lor for breach of the Agreement and Amendment, Am. Compl. ¶¶ 21-22, and Lor's counterclaims remain. In October 2022, this Court granted the parties request for leave to file motions for summary judgment. D.E. 74. The instant motions followed. Li seeks summary judgment as to his breach of contract claim and Guo seeks summary judgment dismissing the counterclaim. D.E. 75. Lor seeks summary judgment dismissing the breach of contract claim. 76.

## II. SUMMARY JUDGMENT STANDARD

A moving party is entitled to summary judgment where "the movant shows that there is no

3

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact in dispute is material when it "might affect the outcome of the suit under the governing law" and is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude granting a motion for summary judgment. *Id.*  "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255)).  A court's role in deciding a motion for summary judgment is not to evaluate the evidence and decide the truth of the matter but rather "to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

A party moving for summary judgment has the initial burden of showing the basis for its motion and must demonstrate that there is an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  After the moving party adequately supports its motion, the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted).  To withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict the moving party. *Anderson*, 477 U.S. at 250.  "[I]f the non-movant's evidence is merely 'colorable' or is 'not significantly probative,' the court may grant summary judgment." *Messa v. Omaha Prop. & Cas. Ins. Co.*, 122 F. Supp. 2d 523, 528 (D.N.J. 2000) (quoting *Anderson*, 477 U.S. at 249-50)).

Ultimately, there is "no genuine issue as to any material fact" if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp.*, 477 U.S. at 322. "If reasonable minds could differ as to the import of the evidence," however, summary judgment is not appropriate. *See Anderson*, 477 U.S. at 250-51.

## III.   ANALYSIS

### A.  Assignment

The breach of contract claim hinges on the validity of the Assignment. Lor first argues that Li lacks standing to assert his breach of contract claim because he assigned his rights under the Agreement to Guo. Def. Br. at 6-7. "[R]ights arising by contract are generally assignable." *Invs. Bank v. Torres*, 233 A.3d 424, 432 (N.J. 2020); *see also* N.J. Stat. Ann. § 2A:25-1.[3] If an assignment is valid, the assignee assumes the rights of the assignor. *See* N.J. Stat. Ann. § 2A:25-1; *see also Main St. Acquisition Corp. v. NeMeth*, No. A-1608-12T4, 2014 WL 1326592, at *2 (N.J. Super. Ct. App. Div. Apr. 4, 2014) ("'Any beneficial contract may be assigned, and courts of law will protect the rights of the assignee suing in the name of the assignor.'" (quoting *Somerset Orthopedic Assocs. v. Horizon Blue Cross & Blue Shield of N.J.*, 785 A.2d 457, 460 (App. Div. 2001))); *Berkowitz v. Haigood*, 606 A.2d 1157, 1159 (N.J. Super. Ct. Law Div. 1992) ("Once properly notified of the assignment, the obligor is charged with the duty to pay the assignee and not the assignor."). Thus, an assignee thereby has standing to asserts his rights under an assigned

---

[3] Although no party provides a choice of law analysis, they largely apply New Jersey law to support the arguments. Seeing no clear reason to deviate from the parties, the Court applies New Jersey law to decide the motions. *See Cole v. NIBCO, Inc.*, No. 13-7871, 2015 WL 2414740, at *5 (D.N.J. May 20, 2015) (explaining that because "Defendant suggests, and Plaintiffs do not dispute" which state law applies, "the Court will follow the lead of the parties and will not engage in a choice of law analysis"); *Manley Toys, Ltd. v. Toys R Us, Inc.*, No. 12-3072, 2013 WL 244737, at *2 (D.N.J. Jan. 22, 2013) ("Because the parties have argued the viability of the remaining claims as though New Jersey substantive law applies, the Court will assume that to be the case.") (citing *USA Mach. Corp. v. CSC, Ltd.*, 184 F.3d 257, 263 (3d Cir. 1999)).

contract. *Tirgan v. Mega Life & Health Ins.*, 700 A.2d 1239, 1241-42 (N.J. Super. Ct. Law Div. 1997); *see also N.J. Thoroughbred Horsemen's Ass'n, Inc. v. Alpen House U.L.C.*, 942 F. Supp. 2d 497, 512 (D.N.J. 2013) ("'[A] valid assignment confers upon the assignee standing to sue in place of the assignor.'" (quoting *Misic v. Bldg. Serv. Emps. Health & Welfare Trust*, 789 F.2d 1374, 1378 (9th Cir. 1986))).

Thus, Guo has standing based on the Assignment, if it is valid, to assert a claim for breach of the Agreement and Amendment. But if the Assignment is not valid, or is no longer in effect, Li has standing to assert the claim. Both parties agree that in 2019, Li attempted to assign his rights under the Agreement and Amendment to Guo. DSOMF ¶ 18; PSOMF ¶ 8. Li, however, maintains that the assignment was orally canceled in September 2021. PSOMF ¶ 12; Li Decl. ¶ 18. Specifically, "after discussing the issue," Guo and Li "decided to cancel the assignment." Li Decl. ¶ 17. This purported cancellation was memorialized in writing on May 3, 2022. D.E. 75-12.

Lor takes issue with the timing of the cancellation. Namely, Lor maintains that Guo and Li did not abandon the Assignment until after Lor's request for leave to file a motion for summary judgment. *See* Plf. Aug. 21, 2022 Ltr. at 2-3 ("Plaintiff has now elected to cancel the assignment and Mr. Guo has agreed to accept the cancellation of the assignment."). Lor argues that prior to Li's response, Li relied on the validity of the Assignment throughout this litigation. Def. Br. at 6-7; Def. Opp. at 6-7. Accordingly, Lor contends that the Court must disregard the cancelation because Yu and Li are manipulating the factual landscape. Def. Opp. at 7. A plaintiff cannot "actively seek summary judgment in his favor by fundamentally recharacterizing the nature of his claims through arguments and facts untethered to his Complaint." *Garcia v. Com. Acceptance Co.*, No. 19-1058, 2022 WL 4132066, at *4 (D.N.J. Sept. 12, 2022). Moreover, a plaintiff "may not amend his complaint through arguments in his brief in opposition to a motion for summary

judgment." *Bell v. City of Philadelphia*, 275 F. App'x 157, 160 (3d Cir. 2008) (quoting *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996)).

In the Amended Complaint, Li pleads that he assigned his rights to Guo. Am. Compl. ¶ 16; *see also* ¶ 23 ("Mr. Li has assigned his interest in this claim to Mr. [Guo]."). Accordingly, Guo asserted a breach of contract claim against Lor. But Li also asserted a claim against Lor for breach of the Agreement, "[t]o the extent that the assignment of interest by Mr. Li to Mr. [Guo] is held invalid." *Id.* ¶ 24. Lor is correct that neither Li nor Guo plead that they rescinded the Assignment. Moreover, Li and Guo continued to represent that Li assigned his rights under the Agreement in their answer to Lor's counterclaim. Answer ¶¶ 32-33. But in 2021, this Court entered a stipulation through which Guo dismissed his affirmative claims as an assignee and individually. D.E. 49. After the stipulation of dismissal, only Li's direct claims against Lor remained. Li's representation that the Assignment was canceled in September 2021 coincides with Guo's voluntary dismissal of his affirmative claims. Guo and Li both explained that they decided to cancel the Assignment because of Lor's legal challenge to the validity of the Assignment. *See* Guo Decl. ¶¶ 14-17, D.E. 75-10; Li Decl. ¶¶ 15-18, D.E. 75-11. Finally, because Li's direct claims against Guo remain, Li is not fundamentally altering his claims by maintaining that Li and Gou rescinded the Assignment. The Court, therefore, will consider Li's evidence as to cancelation of the Assignment.

"The ability to abandon or modify one's contract has been consistently recognized in New Jersey." *DeAngelis v. Rose*, 727 A.2d 61, 70 (N.J. Super. Ct. App. Div. 1999). A contract can be abandoned with consent of the parties, but abandonment requires clear evidence of mutual assent to do so. *County of Morris v. Fauver*, 707 A.2d 958, 965 (N.J. 1998). Again, neither party disputes that Li attempted to assign his rights under the Agreement and Amendment in 2019. DSOMF ¶

7

18; PSOMF ¶ 8. Li, however, maintains that he and Guo orally canceled the Assignment in September 2021. PSOMF ¶ 12; Li Decl. ¶ 18. As discussed, after learning that Lor was challenging the legality of the Assignment, Guo and Li "discuss[ed] the issue," and "decided to cancel the assignment." Li Decl. ¶¶ 15-17. This is clear evidence of mutual assent to cancel the Assignment. And outside of the timing, which the Court addressed above, Lor provides no evidence challenging the cancelation. Consequently, there is genuine dispute of material fact, and the Court concludes that Li and Guo canceled the Assignment.

Because the Assignment is no longer valid, Li has standing to assert his breach of contract claim against Lor. Lor's motion for summary judgment, therefore, is denied as to the lack of standing argument. In addition, because Li and Guo canceled the Assignment, the Court need not address Li's remaining arguments about Lor's ability to challenge the Assignment and cancellation.

### B. Breach of the Agreement

Next, Li argues that he is entitled to summary judgment because Lor has not paied Li as required by the Agreement and Amendment. Plf. Br. at 2. Lor argues that he is entitled to summary judgment on the breach of contract claim because Li has not been damaged. Def. Br. at 7-9.

To state a claim for breach of contract under New Jersey law, a plaintiff must allege "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007) (citing *Video Pipeline, Inc. v. Buena Vista Home Ent., Inc.*, 210 F. Supp. 2d 552, 561 (D.N.J. 2002)). Li and Lor do not dispute that pursuant to the Agreement and Amendment, Guo and Lor are required to reimburse Li's investment because Fanz did not secure Series A funding. Pursuant the Amendment, Guo and Lor are each responsible to

Li for $250,000.  PSOMF ¶¶ 1-5; DSOMF ¶¶ 6-7.  But Lor has not paid Li.  PSOMF ¶ 7.

Lor argues that Li has no damages because pursuant to the Assignment, Guo paid Li consideration equal to the "full amount" owed to Li under the Agreement.  Def. Br. at 8; DSOMF ¶ 14.  The purportedly equivalent consideration is language in the Assignment setting forth Li's right to receive $500,000 from Guo if the second corporation failed to achieve an IPO.  DSOMF ¶¶ 14, 24.  A contingent right to receive payment through a separate contract does not negate Li's right to $250,000 under the Amendment.  And critically, Lor fails to point to any evidence demonstrating that Li actually received any money from Guo or Li.[4]  Thus, Li establishes damages.  Finally, although not raised by either party, Li performed under the Agreement and Amendment by making his $500,000 investment.  DSOMF ¶ 6.  Li, therefore, establishes his breach of contract claim against Lor because there is no genuine dispute of material fact.  Li's motion for summary judgment is granted on these grounds.

### C. Counterclaim

Finally, Guo seeks summary judgment for the counterclaim Lor asserts against him.  In the counterclaim, Lor alleges that he, Fanz, and Guo entered into a verbal agreement with a non-party in March 2017.  Guo argues that the counterclaim must be dismissed because it is barred by Chinese law. Plf. Br. at 7-8.  Guo, however, provides no explanation as to why Chinese law applies to the verbal agreement.  Consequently, the Court will not grant summary judgment on these grounds.

Guo also contends that counterclaim does not comply with New Jersey law, namely N.J. Stat. Ann. § 25:1-15.  *Id.* at 8.  This is a provision of New Jersey's statute of frauds, which provides

---

[4] Li also received shares of the second company pursuant to the Assignment but contends that the shares are worthless.  PSOMF ¶¶ 9-10.

9

that "[a] promise to be liable for the obligation of another person, in order to be enforceable, shall be in writing signed by the person assuming the liability or by that person's agent." N.J. Stat. Ann. § 25:1-15. Here, Lor alleges that non-party Hu agreed to loan money to Fanz. To the extent that Fanz could not make the repayment, Lor alleges that Guo and Lor agreed to personally repay Hu. Counterclaim ¶¶ 18-19. "New Jersey follows the rule that an agreement to assume the debt of another must be in writing," such that "a corporation's debt cannot be imposed on an officer/director/shareholder absent a written guarantee signed by the officer/director/shareholder or her agent." *Indagro v. Nilva*, No. 07-3742, 2016 WL 3574330, at *4-5 (D.N.J. June 30, 2016), *aff'd*, 733 F. App'x 50, 53 (3d Cir. 2018) ("Under applicable New Jersey law, any promise of guarantorship must be in writing and signed by the guarantor or his agent."). Without a signed writing, an individual's assumption of another's debt fails as a matter of law. In this instance, Lor's counterclaim is based on a verbal contract. There is no evidence any writing. Accordingly, Lor's breach of contract counterclaim fails.

IV.  CONCLUSION

For the reasons stated above, and for good cause shown, Plaintiff's motion for summary judgment (D.E. 75) is **GRANTED** and Defendant's motion for summary judgment (D.E. 76) is **DENIED**. An appropriate Order accompanies this Opinion.

Dated: June 1, 2023

_____
John Michael Vazquez, U.S.D.J.