

DGW KRAMER LLP
1 Rockefeller Center
Suite 1060
New York, New York 10020
www.dgwllp.com

Tel: 1-917-633-6860
Fax: 1-917-633-6183

June 21, 2023

<u>Via ECF</u>
Hon. Jose R. Almonte
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

    Re: Li v. Lor, Civil Action No.: 2:20-CV-05088-JMV-JRA

Your Honor:

  This letter is a joint submission pursuant to this Court's order dated June 14, 2023.

  There are currently three parties in this case: Mr. Yisheng Li (Plaintiff), Mr. Stewart Lor (Defendant-Counterclaim Plaintiff), and Mr. Xin Yue Guo (Counterclaim-Defendant).

  The Court's summary judgment Opinion and accompanying Order (ECF 83 and 84) resolved all of Plaintiff's claims, as well as Mr. Lor's second counterclaim for breach of contract.[1]

  With respect to Mr. Lor's remaining counterclaims, the first and fourth counterclaims are moot.[2]  The only remaining cause of action is Mr. Lor's third counterclaim for equitable contribution against Mr. Guo.  Mr. Lor's third counterclaim alleges that:

> Mr. Lor and Mr. Yue had an oral agreement that if Fanz was unable to repay Ms. Hu, then Mr. Lor and Mr. Yue would each be personally responsible for repaying 50% of any money owed to Ms. Hu under the Hu Agreement.

> Mr. Lor paid Ms. Hu RMB 3 million pursuant to the Hu

---

[1] Nothing in this letter shall be construed as a waiver of any party's right to appeal the Court's determinations (including on summary judgment) if and when a final order or judgment is entered.

[2] Mr. Lor's fourth counterclaim seeks to "set off" Mr. Lor's liability against any amounts awarded to Mr. Lor on his counterclaims.  Mr. Lor's counterclaims were directed solely against Mr. Guo, who later withdrew all of his claims against Mr. Lor with prejudice (ECF 49).  In light of Mr. Guo's dismissal of his claims, Mr. Lor's fourth counterclaim is moot because Mr. Lor no longer faces any exposure to *Mr. Guo's* claims.

>  Agreement, plus RMB 1.35 million in interest.
>
>  To the extent the Court determines that the above-referenced oral agreement is unenforceable, Mr. Yue should be required, under principles of equity, to reimburse Mr. Lor for 50% of the amount that Mr. Lor paid to Ms. Hu.
>
>  Mr. Lor has been harmed in an amount no less than $315,000.

(ECF 42, at ¶¶ 45-48).

      The parties have conferred with respect to the issue of settlement and it appears that not all parties are willing and interested in participating in a settlement conference.

                            Yours Truly,
                            DGW Kramer LLP

                            /s/ Jacob Chen
                            By: Jacob Chen, Esq.