Jacob Chen, Esq.
One Rockefeller Plaza, 1060
New York, NY 10020
Ph: 917-633-6860
E-mail: jchen@dgwllp.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------------x
YISHENG LI,

                              Plaintiff,

               -against-

STEWART LOR,

                             Defendant.
------------------------------------------------------------------------x

Civil Action No.:
2:20-CV-05099-JMV-JRA

**MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION FOR RECONSIDERATION**

**Jacob Chen, Esq.**

DGW Kramer LLP
Attorneys for Plaintiff Yisheng Li
And Counter-Claim Defendant
Xin Yue Guo a.k.a. Xin Yue
One Rockefeller Plaza, 1060
New York, NY 10020
Telephone: 917-633-6860

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................. 1

LEGAL ARGUMENTS ...................................................................................................... 1

      I.      DEFENDANT'S MOTION FOR RECONSIDERATION IS
            UNTIMELY ....................................................................................... 1

      II.     DEFENDANT MAY NOT ARGUE THAT THE ALLEGED LEGAL
            ERROR IS A "MISTAKE" FOR PURPOSES OF A RULE 60(B)
            MOTION ............................................................................................ 4

CONCLUSION ................................................................................................................. 5

Yisheng Li and Xin Yue Guo a.k.a. Xin Yue, by and through their attorneys DGW Kramer LLP., respectfully submit the following memorandum of law in opposition to Defendant's motion for reconsideration.

## PRELIMINARY STATEMENT

Mr. Yisheng Li ("Mr. Li") invested a sum of $500,000 into a company that jointly owned by Mr. Xin Yue Guo ("Mr. Guo") and the Defendant, Mr. Stewart Lor ("Mr. Lor"). Pursuant to the written agreement executed by all parties, Mr. Lor agreed that if the company went under, Mr. Lor would personally be responsible for paying back half of Mr. Li's investment. The company thereafter went under. Therefore Mr. Lor owes Mr. Li $250,000.

On June 1, 2023, this Court granted Plaintiff's motion for summary, awarding Mr. Li $250,000.

This Court also granted Mr. Guo's motion for summary judgment dismissing Mr. Lor's entirely unrelated cause of action, in which Mr. Lor sought to enforce an alleged oral personal guarantee (which Mr. Guo denies ever having entered into).

85 days later, on  August 24, 2023, Mr. Lor filed this instant motion for reconsideration. The motion repeats the same arguments as was raised in Defendant's previous submissions. For the reasons outlined below, Defendant's motion should be denied.

## LEGAL ARGUMENTS

### I.   DEFENDANT'S MOTION FOR RECONSIDERATION IS UNTIMELY

Although Defendant characterizes their motion as for relief "pursuant to Federal Rule of Civil Procedure Rule 60(b)" it is "the function of the motion, and not the caption, dictates which Rule is applicable." *United States v Fiorelli*, 337 F3d 282, 287-288 [3d Cir 2003] (Deeming

defendant's motion as a request under Rule 59(e) despite its characterization as being pursuant to

Rule 60(b))

"Although motions for reconsideration under Federal Rules of Civil Procedure 59(e) and

60(b) serve similar functions, each has a particular purpose. … A motion under Rule 59(e) is a

'device to relitigate the original issue' decided by the district court, and used to allege legal error."

*Id* at 288; *see also* [*Smith v Evans,* 853 F2d 155, 158 [3d Cir 1988]]*;* [*Stroud v Boorstein,* 2014 US

[Dist LEXIS 89240, at *6 [ED Pa June 30, 2014, No. 10-3355]]; [*United States v Cabiness,* 278 F

[Supp 2d 478, 482 [ED Pa 2003]]. Rule 59(e) authorizes the Court to alter or amend a prior judgment

due to "the need to correct a clear error of law or fact or to prevent manifest injustice." [*Nwaohia v*

[*Wal-Mart Stores, Inc.*, 2022 US Dist LEXIS 140417, at *3 [DNJ Aug. 5, 2022, No. 1:18-cv-10648-

NLH]].

Defendant's motion is undeniably an attempt to relitigate the original issue.

Defendant first argues that the Court should not have considered the fact that the

assignment was cancelled in September 2021. (Doc. 92-1, 11). This is the same argument raised

in prior papers. (Doc. 76-1, 7).

Defendant then argues that the Court "mistakenly considered the 'writing' that purportedly

'memorialized' the cancelation" and that the document "was not properly part of the summary

judgment record." (Doc. 92-1, 11). Again, Defendant raised the same argument in their previous

motion papers. (Doc. 81, 4-5).

Defendant lastly argues that the Court made a mistake of law because it considered "new

material facts to support a new theory for the purpose of summary judgment." (Doc. 91-1, 11-12).

This is verbatim the same argument raised in the previous motion papers. (Doc. 76-1, 7)

Defendant's present motion basically states that the Court made a legal error when it

2

decided to consider evidence that Defendant previously argued that the Court should not have considered. In fact, Defendant states as much, arguing that the Court "predicated its ruling on an error of fact as well as an error of law." (Doc. 92-1, 2). As Defendant's motion seeks to correct an alleged clear error of law and fact, Defendant's motion is therefore in actuality intended to be one for reconsideration pursuant to Rule 59(e) and not Rule 60(b).

A motion for reconsideration pursuant to Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Defendant's motion for reconsideration was filed 85 days after the entry of the Court's judgment. Therefore, Defendant's motion for reconsideration pursuant to Rule 59(e) is untimely.

Lastly, even if Defendant's motion was pursuant to Rule 60(b), Defendant still waited an unreasonable amount of time before filing his motion. *See e.g. United States v Shumate*, 2022 US Dist LEXIS 102188, at *7, n 4 [DNJ June 7, 2022, No. 18-cr-0645 (NLH)]; (Finding that a Rule 60(b) motion for reconsideration was not brought within a reasonable time because of more than one month delay); *Peter Bay Owners Assn. v Stillman*, 205 FRD 454, 458 [DVI 2002] (Finding that a Rule 60(b) motion for reconsideration was not brought within a reasonable time because of more than two month delay); United States v Moses, 1996 US Dist LEXIS 9285, at *9, n 6 [ED Pa June 28, 1996, Civil Action No. 95-6581] ("Two months is not a reasonable time to file a motion in response to a perceived erroneous order."); *Fleet v United States Consumer Council, Inc.*, 70 BR 845, 850 [Bankr ED Pa 1987]) (Finding that a Rule 60(b) motion for reconsideration was not brought within a reasonable time because of three month delay). Defendant's motion for reconsideration is based on no new information, and Defendant's motion offers no reason or excuse as to why Defendant waited 85 days after issuance of the Court Order to file their motion for reconsideration.

For these reasons, the Court should deny Defendant's motion for reconsideration as time barred.

## II.   THE ALLEGED LEGAL ERROR IS NOT A "MISTAKE" FOR THE PURPOSES OF A RULE 60(B) MOTION

Even if the Court were to consider Defendant's motion, Defendant's motion fails because the alleged "mistake" is a legal error that falls outside the scope of a Rule 60(b) motion filed after Defendant's time to appeal has passed.

Unlike a motion for reconsideration under Rule 59(e) which allows for the Court to correct a judgment to correct a "clear error of law or fact," Rule 60(b)(1) only allows relief from judgment for "mistake." "[T]he Third Circuit has made clear that a request for reconsideration of a decision on legal issues may not be transformed into a claim that there is a 'mistake' under Rule 60(b)(1)." *Davis v Bur. of Citizenship & Immigration Serv.*, 2004 US Dist LEXIS 22837, at \*7-8 [ED Pa Nov. 8, 2004, No. 03-4398].

As discussed previously, Defendant's motion argues that the Court made an error of law in ignoring Defendant's objection and considered certain facts and evidence Defendant maintained in earlier proceedings were inadmissible.

Rule 60(b)(1) provides relief from "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). As explained in *Silk v Sandoval*, 435 F2d 1266, 1267-1268 [1st Cir 1971], "If the court merely wrongly decides a point of law, that is not 'inadvertence, surprise, or excusable neglect.' Moreover, these words, in the context of the rule, seem addressed to some special situations justifying extraordinary relief." In *Page v Schweiker*, 786 F2d 150, 154 [3d Cir 1986], the Third Circuit cited to *Silk* and noted that many courts have held that legal error cannot be corrected under Rule 60(b). In *Page*, the Third Circuit notes that while *some* courts have held that

4

legal error may be characterized as a mistake, even then, it is only applicable when the motion for reconsideration is made within the time allowed for appeal. *Id*. Defendant's motion was filed 85 days after the initial decision. Therefore, Defendant cannot rely on those authorities either.

For these reasons, Defendant's motion should be denied because Rule 60(b)(1) does not allow for a motion for reconsideration, filed outside of the time allowed for appeal, to challenge a decision for legal error.

## CONCLUSION

WHEREFORE, based on the foregoing, Plaintiff Mr. Li and counter-claim defendant Mr. Guo respectfully ask that the Court deny Defendants' motion for reconsideration.

Dated:      New York, NY
            August 31, 2023                    DGW Kramer LLP


                                               /s/ Jacob Chen
                                               By: Jacob Chen, Esq.
                                               *Attorneys for Mr. Li and Mr. Guo*
                                               One Rockefeller Plaza, 1060
                                               New York, NY 10020